THE STATE OF CONNECTICUT *against* NICHOLS.

The crime of making an assault with intention to commit murder, specified in the 13th section of the criminal act, passed in 1830, is the same with that of making assault with actual violence, with an intention to kill, but without malice aforethought, specified in the 14th section of the same act; the ingredient of malice aforethought not being essential to the crime, but mere matter of aggravation.

Therefore, on an indictment for an assault with intention to murder, the jury may find the prisoner guilty of an assault with intention to kill, without malice aforethought.

The expression, "with actual violence," in the 14th section, is not a technical term or phrase, essential in an indictment to a description of the offence; but its place may be supplied by other words of equal import.

Therefore, where an indictment founded on that section, omitted the words, " with actual violence," but averred, that the prisoner, with a knife, stabbed, cut and wounded the person assaulted; it was held, that the offence was sufficiently described.

THIS was an indictment against *Nichols,* in the following words : " That on the 27th of *September,* 1830, at *Stamford,* one *William Nichols* did, with force and arms, wickedly, wilfully, feloniously, and of his malice aforethought, make an assault upon the body of one *Rufus Newman,* then and there

in the peace being, with an intent him the said *Rufus* to kill and murder; and did, then and there, with force and arms, wickedly, wilfully, feloniously and of his malice aforethought, with a certain knife having a sharp-pointed steel blade, which he then and there held in his hand, stab, cut and wound the said *Newman* in the neck and side, whereby the life of the said *Newman* was greatly endangered; all which is against the peace and contrary to the statute in such case provided."

To this information the prisoner pleaded *Not guilty*. The jury returned the following verdict: "The jurors on their oaths do say, that *William Nichols*, the prisoner at the bar, is guilty, without malice aforethought, of the crime whereof he stands indicted."

The prisoner moved in arrest of judgment, on the ground that as the jury had found, that he did not do the acts charged, with malice aforethought, he ought to have judgment rendered in his favour, and be discharged from custody. The question arising on this motion was reserved for the consideration of this Court.

*N. Smith* and *Hawley*, in support of the motion.

*Sherman* and *Minor*, contra.

HOSMER, Ch. J.   By the 13th section of the act of *May* 1830, every person, who shall an assault make, with an intention to commit murder, shall suffer imprisonment during life, or for any time not less than ten years, at the discretion of the court; and by the 14th section, every person, who shall wilfully, and with actual violence, with an intention to kill, an assault make on another person, but without malice aforethought, shall suffer imprisonment for a term not less than two nor more than five years. The offence is charged to have been committed against the peace and contrary to the statute in such case provided.

1. The first objection in arrest is, that the offence found is different from the one on which the prisoner was indicted. The indictment charges the crime to have been committed with malice aforethought, and the verdict finds the commission of it to have been without malice·   Now, if the expression *malice aforethought* is so essential in the description of the crime, that it may not be rejected, the judgment must be ar-

rested. But the allegation of malice is not essential to the crime, and is mere matter of aggravation. The crime consists in the killing of a person, wilfully and intentionally. If this was done with malice aforethought, the prisoner is guilty within the 13th section of the law, and if without, within the 14th section. So that the crime defined, in legal contemplation, is the same in both sections of the law ; and the only difference consists in its aggravation ; the adjunct of malice rendering it more atrocious and of deeper dye, than it is perpetrated without malice. Hence an indictment for killing a person intentionally and with malice, is within one or the other section of the law, according as the fact is proved to have been committed with greater or with less aggravation,—that is, with malice or without it.

The principle advanced is not new, but has long been settled. In *Holcroft's* case, cited 4 *Co.* 46. *b.* it was resolved : " That if a man commits murder, and is indicted and convicted or acquitted of manslaughter, he shall never answer to any indictment of the same death ; for all is one and the same felony for one and the same death, although murder is, in respect of the circumstance of the forethought malice, more odious ; and therefore, in an indictment or appeal of murder, he may be found guilty of manslaughter." Sir *Matthew Hale,* in 2 *P. C.* 246. says, that a plea of *auterfoits acquit* of manslaughter, is a good bar to an indictment for murder ; " for they differ only in degree, and the fact is the same." And Sir *Michael Foster,* in his discourses on crown law, asserts, that murder and manslaughter are the same offence, differing only in the degree of malignity, when considered in relation to the same fact. *Fost. C. L.* 327. 329. Hence, it is unquestionably established, that on an indictment for murder, a person may be found guilty of manslaughter only. And in conformity with this principle of the common law, and declaratory of it, in the 137th section of the act concerning crimes and punishments, passed *May* session 1830, the legislature has enacted, that if a person be indicted for murder, the jury may find him guilty of manslaughter. Upon the same principle, if the indictment charge an attempt to commit the former crime, the delinquent may be convicted of the latter.

There exists no doubt, then, that the verdict of the jury has legally found the prisoner guilty of the offence specified in the 14th section of the above-mentioned law.

2. It is next objected in arrest of judgment, that the offence

alleged in the indictment, is not charged in the words of the *Fairfield,* 14th section of the law ; but that the expression " with actual *June, 1831.* violence," is omitted.

State *v.* Nichols.

Undoubtedly, there are crimes, which in the indictment must be charged in certain technical phrases or terms, and this from the force of precedent long established. Thus, in an indictment, if for treason, the word *traitorously ;* if for murder, the expression *with malice aforethought ;* if for burglary, the word *burglariously,* is indispensably necessary. 2 *Swift's Syst.* 381. But with the exceptions founded on the basis of established precedent, all that is necessary is, to bring the act prohibited within all the material words of the law. *The Commonwealth* v. *Morse,* 2 *Mass. Rep.* 128. 131. *Brown* v. *The Commonwealth,* 8 *Mass. Rep.* 59.

The indictment charges the prisoner with making an assault on *Rufus Newman,* and with an intent to kill, and then and there stabbing, cutting and wounding him with a knife. These facts the jury have found by their verdict.

It is indisputably settled, that that which is apparent to the court, and appears from a necessary implication out of the record, is the same as if it were expressly averred. *Co. Litt.* 303. 7 *Co.* 40. *Dyer* 16.

Now, what is stabbing, cutting and wounding, but actual violence ? These terms differ from the general expression just mentioned, only in this ; the one is the *genus,* the other the *species.* The charge, then, is not only equivalent to the term *actual violence,* but it is more specific.

I would, therefore, advise, that judgment be not arrested.

The other Judges were of the same opinion, except **Peters,** J., who was absent.

Motion in arrest to be overruled.