Judge Crenshaw
delivered the opinion of the Court.
By the lsi sec. of the Ylth art. Rev. Stat., p. 264, it is provided, that, “If any person unlawfully shoot at another, with intent to kill or wound such person, without inflicting a wound, he shall be fined not exceeding five hundred dollars, and imprisoned not less than six, nor more than twelve months.”
Under this provision an indictment was found, in the Adair Circuit Court, against James J. Robinson. The indictment charges that the defendant “did unlawfully and maliciously shoot at one Lee Coomer, with intent to kill and murder him, (the said Lee Coomer,) with a gun and leaden balls and powder, without inflicting a wound on him, (the said Lee Coomer.”) The defendant pleaded “not guilty,” and the jury sworn in the case, returned the following verdict:
“We of the jury, find the defendant guilty of unlawfully shooting at Lee Coomer, with intent to kill or wound him, and for his said offence, that he make his fine to the commonwealth of Kentucky, by the payment of one cent, and that he be imprisoned in the county jail for six months.”
The court, at the instance of the attorney for the commonwealth, instructed the jury, that, if they believed from the testimony, beyond the. influence of a reasonable doubt, that the defendant unlawfully shot at Lee Coomer, &e., with intent to kill or wound him, without inflicting a wound, &c., they ought to find the defendant guilty, &c.
The defendant objected to the instruction as given, and moved the court so to modify it as to tell the jury, that, unless the shooting was done with malice *616 aforethought, or under such circumstances as would have amounted to murder, (had Coomer been shot and death had ensued,) they ought to acquit the defendant. This modification was refused by the court, and was properly refused, as we think.
1. In an indictment under the lsi section of the nth art. of the Revised Statutes, for shooting at another, page 264, it is not necessary to aver that the shooting was done maliciously,and it was not error for the court to refuse an instruction to the jury, that to authorize a conviction they should believe from the evidence that it was done with malice aforethought.
By the above quoted clause of the Revised Statutes, it is our opinion that the legislative intention is manifested to suppress all unnecessary and unlawful shootings at persons, with intent to kill or wound, whether they might be regarded as done with malice prepense or not. In a sudden quarrel,and in sudden heat and passion, one man may shoot at another with intent- to kill or wound him, not in self-defence, and without any legal excuse or justification; and the shooting may be done under such circumstances as to evince malice, and show that if the person shot at had been stricken, and death had ensued, the party shooting might have been held guilty of murder; or, the circumstances may be such as to show that if the person so shot at had been stricken, and death had ensued, the party shooting might have been held guilty of manslaughter only. It was the intention of the legislature, as we think, to punish any person for shooting at another unlawfully, or without any lawful excuse or justification, whether it may be done under circumstances evincive of malice or not. It was unnecessary, therefore, to charge, as is done in this indictment, that the shooting was done maliciously ; and, as it was unnecessary to aver malice, it was equally unnecessary to prove it; and hence the court did not err in refusing to modify the instruction as requested by the defendant.
The-charge in the indictment is, that the act was done with intent to “kill and murder,” whereas, the language of the statute is, “ with intent to kill or wound.” The indictment would have been sufficient, had it charged simply that the shooting was done with intent to kill; the additional words, “ and murder,” are supererogatory, and neither vitiates the indictment, nor alters the character of the proof *617 necessary to sustain it. Malice is a necessary ingredient to constitute murder; but the word “murder,” is not in the statute, and properly, ought not to have been in the indictment. But, a specific offence, in the very language of the statute, had already been charged, to-wit: A shooting at another with intent to kill, and the additional words were mere surplusage.
2'T1\e m<5lat' shooting with andmlrder; the lury tound ^ defendant guilty of shooting with raoamd^im! Both offenses be alístenseI, Pand ?,ar^e-i, °£ murder being fense^nqiudes that of an intent to lull or wound. (Crim. Code, sec-The Code makes all injuin? but degrees the sa™° of~ íense, and an as saultwithintent degree^of 1Sthe offense of assaulting with the intent to ing’ o/the jury was therefore thorized ajudg-
The jury found the defendant guilty of shooting at Coomer with intent to kill or wound him. The indictment does not charge that the defendant shot at Coomer with intent to wound him, but with intent , to kill him only. Both offences are equally punishable by the statute, yet, it is, in truth, a different thing to shoot at another with an intent to kill, and to shoot at him with intent to wound him only. The former offence is more heinous than the latter, though punishable by the statute to the same extent only ; and, an assault with intent to wound, may justly and properly-be considered an offence in less degree than 1 • 1 • _ . , , . . , an assault with intent to kill. And, the Criminal Code, sec. 258, provides, that, upon an indictment for an offence consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be ° J found guilty of any offence included in that charged in the indictment. And, section 259 of the Code, makes the offences named in each subdivision of that sec- . i , , „ . . tion, degrees of the same offence m the meaning of section 258. The second subdivision includes all injuries to the person by maiming, wounding, beating, and assaulting, whether malicious or from sudden passion, or whether attended or not with intention to kill. Now, in the present case, an offence upon the person is charged, that of shooting at another with intent to kill, which ivas an assault upon him with that intent; and the offence of shooting at another with intent to wound, is a degree of the same offence. All injuries by assaulting, are, by virtue of said section 259, made degrees of the same *618 offense, and an assault with intent to wound, is, therefore a degree of the offence of assaulting with intent .to kill. And, under the indictment, the jury might find the defendant guilty of shooting at Coomer with intent to wound, although the charge is, that the shooting was done with intent to kill. But the jury found, that it was done with the one intent or the other, and this they might well do, as the punishment is the same, whether the intent was the one or the other.
.3. The court can only reverse a judgment in a eriminalcase for errors apparent on the record. (Grim. Code, sec. 348.)
The instruction is not altogether free from objection, in leaving it to the jury to say whether the shooting was unlawful. But, as the facts leave not the slightest doubt that the shooting was done neither in self-defence, nor with any legal excuse or justification, it is impossible that the instruction could have prejudiced the defendant.
And, section 348, of the Code, declares that a judgment shall only he reversed for errors of law apparent on the record, to the prejudice of the defendant.
Wherefore, the judgment is affirmed.