# ·ROCKINGHAM,

## JUNE TERM, A. D. 1861.

### STATE *v.* BUTMAN.

Upon an indictment for an assault with an intent to kill and murder, the accused may be convicted of an assault with intent to kill only.

The authority of a police officer is sufficiently proved by evidence that he was an acting officer; though the power of appointing police officers may depend on the adoption by the town of the police law, and that fact is not shown.

THE indictment charged that the defendant, on the 20th of October, 1859, at Exeter, with a certain knife which he had in his right hand, did make an assault on one Ezra S. Durgin, with an intent to kill and murder him.

Durgin testified that at the time of the assault, and for several years previous, he was and had been one of the police officers of the town of Exeter. On that day a warrant, duly issued by a justice of the peace, upon a complaint for gross lewdness, was delivered to him for service; upon which he arrested said Butman, who submitted to the arrest, and some time afterward committed the assault.

Evidence was introduced of the appointment of Durgin as one of the police officers of Exeter, by the selectmen of the town, in March, 1859, and of his taking the oath of office, from the records of the town; but no evidence was offered that the town had adopted the police law, or any previous statute therein referred to.

State v. Butman.

The authority of the justice and the complaint and warrant were duly proved.

It was objected for the respondent that Durgin's authority as a police officer to arrest him was not sufficiently proved, and that the respondent could not be convicted unless the offense, if death had resulted from the blow, would have been murder.

But the court instructed the jury that if they were satisfied from the evidence that Durgin was an acting officer, known to be such to the respondent, and the respondent submitted to the arrest, they would regard that as sufficient evidence that Durgin was an officer, and the arrest legal; that it was not necessary that they should believe that if the respondent had destroyed the life of Durgin he would be guilty of murder; it would be sufficient, if they should be satisfied that, in such a case, the crime would be manslaughter.

The jury, having found the defendant guilty, he moved for a new trial, by reason of the foregoing rulings and instructions.

*C. H. Bell*, Solicitor, for the state.

*Wood*, for the respondent.

BELL, C. J. By chapter 214 of the Revised Statutes, section 4, relating to offenses against the life or person, provision is made for the punishment of manslaughter, in some cases by imprisonment for life, in others by fine and imprisonment only; and by section 8 it is provided that if any person shall make an assault upon another, with intent to commit any crime described in this chapter, the punishment whereof may be death or confinement to hard labor for life, he shall be punished by confinement to hard labor, &c., in the state prison.

It is contended that, if the ruling of the court is correct, it presents the strange doctrine, that an attempt to com-

mit the crime of manslaughter is to be punished with greater severity than the actual commission of the offense. But there is nothing anomalous in the idea, that the attempt to commit manslaughter, in an aggravated case, may be more severely punished than the offense itself, where there was no intent to do great injury.

It is said that the punishment of many of the offenses described in chapter 214, and those punishable by imprisonment for life, are, by recent statutes, made punishable by imprisonment for a term of years, and among others manslaughter, and they are, therefore, no longer included in the class to which the provisions of section 8 apply; but we think that section describes a class of offenses, by reference to the punishment imposed by that statute, and the offenses so described are none the less included in that description because the punishment is made less severe.

The indictment here alleges an assault with intent to kill and murder; but the jury were instructed that if an intent to kill was proved, it would justify a conviction.

It is insisted that the intent is essential; that a party can not be convicted of an assault with an intent to kill only, because the words, with intent to kill, exclude the idea of manslaughter, which is killing without a design to effect death. For this idea there is no just foundation. It is not true that manslaughter is necessarily killing without a design to effect death. Some cases of manslaughter are of this kind. But there are other cases, where, notwithstanding the intention clearly was to destroy life, the offense is reduced to manslaughter, by circumstances of great and sudden provocation, or the like. And we see no reason why the attempt to destroy the life of another, under circumstances that would be followed by punishment in the state prison, if the design had been accomplished, should not be punished as an aggravated assault, if unsuccessful.

State *v.* Butman.

It is insisted, in this case, that unless Durgin had the right to arrest the respondent, the crime would have been only manslaughter, though he had been killed with the utmost deliberation and careful premeditation. In manslaughter of such a kind, the intent to destroy life is by no means excluded. That there is neither in law nor in the understanding of the community, any inconsistency in the idea of a design to kill with the nature of the crime of manslaughter, seems apparent from the provisions of the Revised Statutes of Maine, Massachusetts and New-York, which provide, in terms, for the punishment of assaults with intent to commit manslaughter. Whart. Cr. Law 550, 551; Mass. Gen. Laws of 1860, 794, sec. 33.

We are of opinion that, under this indictment, if the evidence shows an intent to kill under such circumstances as to constitute a murder, if death had followed, the party may be convicted of assault with intent to murder. If the offense, if completed, would be manslaughter only, the party may be convicted of an assault with intent to kill only, or may be convicted of an assault only. Whart. Cr. Law 193, 290. *Nancy* v. *State*, 6 Ala. 483; Wat. Arch. Cr. Law 260, n., °and 262, 263, n.; 8 Conn. 496; 2 Swift's Sys. [296]; *Sharp* v. *State*, 19 Ohio 379; *State* v. *Phinney*, 42 Me. 387; *Robinson* v. *Commonwealth*, 16 B. Mon. 609; and *State* v. *Waters*, 39 Me. 54, where *Rice,* J., says: "The jury may acquit the defendant of part, and find him guilty of the residue. 1 Ch. Cr. Law 637. Where the accusation includes an offense of an inferior degree, the jury may discharge the defendant of a higher crime, and convict him of the less atrocious. 2 Hale 203. This rule applies in all cases where the minor offense is necessarily an elemental part of the greater, and when proof of the greater necessarily establishes the minor. The jury found that the defendant was guilty of an assault with intent to kill, but not to murder. It is contended

that the verdict is inconsistent and repugnant. But in several of the states, as in this state, the statutes recognize an assault with intent to kill and an assault with intent to murder as distinct offenses, the latter being of a higher grade, and including the former. *State* v. *Burns*, 8 Ala. 313; *Bradley* v. *State*, 10 S. & R. 618; *Scott* v. *Commonwealth*, 6 S. & R. 224; and 8 Conn. 496; 6 Ala. 493, above cited.

In *State* v. *Williams*, 23 N. H. 321, it was held that upon an indictment under this statute, a party might be convicted of an assault with intent to commit murder in the second degree; but the case before us was not considered.

The principle that the regularity of the election, or appointment, or of the qualifications of officers *de facto*, can not be questioned collaterally between strangers, has been long settled here. *Tucker* v. *Aikin*, 7 N. H. 113; *Bean* v. *Thompson*, 19 N. H. 294; *Petition of Portsmouth*, 19 N. H. 117; *Baker* v. *Shepherd*, 24 N. H. 212; *Hall* v. *Manchester*, 39 N. H. 295, and cases cited. That is the present case. The witness, Durgin, though probably the prosecutor, was not a party to this indictment. His authority as a police officer came in question incidentally, and his appointment and qualification were shown by the records of the town; and it appeared by the testimony of Durgin himself that, at the time of the assault and for several years before, he was one of the police officers of the town of Exeter. As such he arrested the defendant, who submitted to the arrest. The question here arises upon the instructions to the jury, who were told that if they were satisfied from the evidence that Durgin was an acting officer, known and submitted to as such by the defendant, they would regard that as sufficient evidence that Durgin was an officer and the arrest legal.

Upon the authorities cited, there seems to us no doubt of the correctness of the instructions. The requisites for

a valid appointment and legal qualification vary extremely in different kinds of offices; yet the proof that the party is an acting officer is full proof of due authority, and supersedes the necessity of any further proof on the subject.

The instructions, however, were immaterial, since, upon the view taken by the court upon the other exception, it is of no importance whether Durgin was an officer or not. Upon these views, there must be

*Judgment on the verdict.*