## STATE OF VERMONT *v.* CHARLES REED.

### *Criminal Law.   Murder.   Indictment.*

Upon an indictment for an assault, being armed with a dangerous weapon, with intent to *kill and murder*, the case being tried and treated as an indictment under sec. 23, ch. 112, Gen. Stat., the respondent may legally be convicted of an assault, with intent to kill, without the intent to murder being proved.

There is a well recognized distinction between an assault with intent to murder, and an assault with intent to kill. In the former case the proof must be such as shows that if death had been caused by the assault, the assailant would have been guilty of murder; and in the latter case the proof need only be such as that had death ensued, the crime would have been manslaughter. In the former case the intent must be the result of malice aforethought, and in the latter, the result of sudden passion or emotion without time for deliberation or reflection.

The language of said section 23, is: "If any person being armed with a dangerous weapon, shall assault another with intent to kill *or* murder, he shall be punished," &c. *Held*, that there is no incongruity in embracing the two offences in one section in the alternative; that under this section each offence may be charged in a separate count in the same indictment. Nor is there any legal objection to charging both offences in the conjunctive in the same count. The intent to murder includes the intent to kill, and if the former is proved it merges the latter, and if the former is not, and the latter is proved, there may be a conviction of the lower offence.

The word *kill* was introduced into said sec. 23, for the purpose of imposing a more severe punishment if the assault with intent to kill was *with a dangerous weapon*, than is prescribed in sec. 18, same chapter for an assault with such intent, the element " with a dangerous weapon," being omitted.

THIS was a trial upon an indictment for an assault, being armed with a dangerous weapon, to wit, a loaded pistol, upon one Noyes Streeter, with intent to kill and murder. Plea, not guilty, and trial by jury, April Term, 1866, BARRETT, J., presiding.

Upon the trial, evidence was introduced on the part of the state, tending to show that the respondent had entertained unkind feelings towards said Streeter for causes stated, for some time prior to the time the assault was committed; that the respondent threatened Streeter's life; that they met without design on the part of either, at Vernon, Vermont; that the respondent was intoxicated; that an altercation arose between them; that the respondent made an assault upon Streeter, and finally drew a pistol, loaded with two buck shot,

and discharged it at Streeter, hitting him in the breast, but did not penetrate the skin.

The respondent introduced evidence tending to show, that he had taken said pistol with him that day, only for the purpose of shooting a dog that had previously attacked the respondent's daughter, and also the respondent himself.

The counsel for the respondent requested the court to charge the jury, that unless they found the respondent fired the pistol at Streeter, with malice aforethought, cherishing the intent to kill and murder, he could not be found guilty of any offence under sec. 23, of ch. 112, of the Gen. Stat.; that in order to find the respondent guilty of an offence under that section, they must find the same facts as would have constituted the crime of murder, had the death of Streeter been the consequence of the firing of the pistol.

The court declined to charge as above requested, but did, (among other things, to which no exception was taken,) charge that an assault committed by a person, being armed with a dangerous weapon, with intent to kill and murder the person upon whom the assault was committed, was an offence under sec. 23, of ch. 112, of the Gen. Stat.; that in order to justify a conviction of the respondent of an assault with intent to kill and murder, under that section, it must appear that the respondent was armed with a dangerous weapon; that he made the assault unlawfully, wilfully, and of his malice aforethought, with intent with the dangerous weapon, and of his malice aforethought, to kill and murder Streeter, and that in order to convict the respondent, under that section, of an assault with intent to kill and murder, the jury must find such facts as would have constituted the crime of murder, if the death of Streeter had been the consequence of the firing or discharge of the pistol. That if the jury should find, and were satisfied, beyond a reasonable doubt, that the respondent was armed with a dangerous weapon, viz., with a pistol, loaded and charged with gunpowder, and leaden bullets, as the testimony tended to show; that the respondent unlawfully, wilfully, and of his malice aforethought, did assault Streeter, and did shoot and discharge the pistol at Streeter, with the intent the said Streeter, then and there with the pistol, and by shooting and discharging the pistol at Streeter,

wilfully, and of his malice aforethought, to kill and murder, they would be justified in finding the respondent guilty of an assault with intent to kill and murder. The court further told the jury, that if they did not find that the assault with the pistol was made with malice aforethought, although they should find all the other facts, which the court instructed them as above, were necessary to constitute an assault with intent to kill and murder, they could not convict the respondent of an assault with intent to kill and murder, and if they did not find that the assault was committed with malice aforethought, it would be their duty to examine the question and testimony, whether the assault was committed with the intent to kill. That a felonious, unlawful and wilful assault by a person being armed with a dangerous weapon, with the intent to kill the person upon whom the assault was made, was an offence under said section of the statute, without proof that the assault was committed with malice aforethought. That if the jury should find, and were satisfied beyond a reasonable doubt, that the respondent, being armed with a dangerous weapon, viz., with a pistol loaded and charged with gunpowder, and leaden bullets, as the testimony tended to show, feloniously and willfully, did make the assault upon Streeter, that the respondent then and there, feloniously and wilfully did shoot and discharge the pistol at Streeter, with a malicious intent, then and there, with the pistol, and by shooting and discharging the pistol at Streeter, unlawfully, wilfully and maliciously, to kill Streeter, they would be justified in finding the respondent guilty of an assault with intent to kill, although they did not find that the assault was committed with malice aforethought. The court further told the jury, that if they did not find that the assault was committed with intent to kill and murder, or with intent to kill, they could convict the respondent of a common assault if they thought the testimony sufficient. In regard to the meaning of the word *murder*, and the word *manslaughter*, and the distinction between *murder* and *manslaughter*, in regard to the meaning of the words " with malice aforethought," in regard to the effect to be given to the state of intoxication the respondent was in at the time the act was committed, and as to the right of self-defence, the court gave such instructions to the jury as were satisfactory to the

State *v.* Reed.

respondent,—to which the respondent did not except. The jury having had the case under consideration several hours, returned and requested the court to repeat that part of the charge which related to what was necessary and would be required to justify a conviction of an assault with intent to kill and murder, and what would justify a conviction of the respondent for an assault with intent to kill, and the court repeated substantially that part of the charge, as above detailed. The jury subsequently returned a verdict of guilty of an assault with intent to kill. To the omission of the court to charge as requested, and to so much of the charge as is above detailed, the respondent excepted.

*H. H. Wheeler* and *Chas. N. Davenport,* for the respondent, cited Gen. Stat. 664, § 23 ; Foster's Crown Law 296 ; 1 East's Crown Law 238 ; Foster 298 ; 1 East. 210–7 and 412 ; Wharton's Am. Cr. Law 551–2 ; Gen. Stat. ch. 112, §§ 15, 18, 23 ; 6 Bishop on Cr. Law, § 538 ; *State* v. *Barnes,* 8 Ala. 313 ; 2 Archbald's Cr. Law 262–3 and 270–1, notes.

*C. B. Eddy* and *J. W. Tyler,* for the State, cited *State* v. *Coy,* 2 Aik. 181 ; *State* v. *Scott,* 24 Vt. 127 ; *State* v. *Wilkins,* 17 Vt. 151 ; Bishop on Crim. Law, §§ 531–3 148, *a* ; Rev. Stat. ch. 94, §§ 14 17 ; Act of 1850, p. 11 ; *State* v. *Nichols,* 8 Conn. 496 ; *State* v. *Brown,* 36 Vt. 560.

The opinion of the court was delivered by

PECK, J. The respondent in this case was tried by jury upon an indictment for an assault, being armed with a dangerous weapon, a loaded pistol, upon Noyes Streeter, with intent to *kill and murder.* The indictment has not been furnished us, but the above is the substance of the description of it given in the exceptions. We understand from the exceptions that the case was tried and so treated, as an indictment under section 23, chapter 112 of Gen. Stat., p. 664. It is so treated by counsel in argument. That section is in these words : " If any person, being armed with a dangerous weapon, shall assault another with intent to kill or murder, he shall be punished by

imprisonment in the state prison for life, or for a term of years not less than five."

Upon the evidence the jury might have found the prisoner guilty of an assault, being armed with a dangerous weapon, with an intent to murder, that is, the evidence tended to prove that offence. On the other hand, there was evidence tending to show that the offence was only an assault, being armed with a dangerous weapon, with intent to *kill.* The jury found the respondent guilty of the latter only.

The court charged the jury correctly, and as requested, as to what was necessary for them to find in order to find a verdict against respondent for the offence with intent to murder. And no question is made as to the correctness of the charge as to what facts must be found in order to warrant a verdict for an assault, being armed with a dangerous weapon, with intent to *kill*, provided the respondent could legally be convicted of this latter offence under this indictment, without the intent to murder being proved. If the respondent could not legally be convicted under this indictment of the offence of which the jury found him guilty, then the county court erred in refusing the defendant's request on this point, and in the charge as given in reference to it. This is the only question in the case.

There is a well recognized distinction between an assault with intent to murder, and an assault with intent to kill. In the former case the proof must be such as shows that, if death had been caused by the assault, the assailant would have been guilty of murder; and in the latter case the proof need only be such as that, had death ensued, the crime would have been manslaughter. In the former case the intent must be the result of malice aforethought, and in the latter, the result of sudden passion or emotion without time for deliberation or reflection. So far as the motive gives character to the offence, the former is a crime of deeper turpitude and deserving of more severe punishment. Yet it is undoubtedly competent for the legislature to embrace both offences in one section, without discriminating in the punishment, but leaving it for the jury to find which offence is proved, and for the court to apportion the punishment within the limits given in the statute according to the crime

State *v.* Reed.

proved, and the circumstances of aggravation or mitigation attending it. The difficulty we have had upon this question has arisen from the doubt in our minds, whether the legislature intended to entrust so extensive a discretion with the court. If this section was aimed simply at the crime of an assault with intent to kill or murder, we should say that the only offence, intended by it to be embraced was an assault to murder; because section 18 of the same chapter prescribes the punishment for an assault with intent to kill, and by that section the punishment is less severe than that in this section in question. But this section 23 has in it an additional element, that of making the assault, *being armed with a dangerous weapon ;* and the history of legislation in England and in this country, shows that assaults of this character are usually punished more severely. The being armed with a dangerous weapon is regarded as aggravating the crime. An illustration of this is found in section 24 and section 25 of this chapter of the General Statutes. Section 24 provides that an assault, being armed with a dangerous weapon, with intent to rob, shall be punished by imprisonment in the state prison not more than ten nor less than three years; while section 25 provides that if any person not being armed with a dangerous weapon, shall assault another with force and violence with intent to steal or rob, he shall be punished by imprisonment in the state prison not more than seven, nor less than two years. We can readily see, therefore, that the legislature may have considered the punishment provided in section 18, for an assault with intent to kill, was not sufficient for such assault when made " *being armed with a dangerous weapon,*" and that they intended to provide for this more aggravated offence by inserting it in this section 23, with an assault with the like aggravation of being thus armed, with intent to murder. There is no incongruity in embracing the two in one section in the alternative. Under this section each offence might be charged in a separate count in the same indictment. Nor is there any legal objection to charging both offences in the conjunctive in the same count, in a case like this, where if the higher offence is charged it merges the less offence. The intent to murder includes the intent to kill, and if the former is proved it merges the latter, and if the former is not, and the latter is proved,

State *v.* Reed.

there may be a conviction of the lower offence, upon the same prin ciple that a conviction may be had for manslaughter under an indictment for murder. In looking at the language of this section, it is manifest that the words are such as would be used if the pur: pose was to embrace both offences as separate and distinct. The words are with intent to kill *or* murder. Had only one offence been intended, and that only an assault with a dangerous weapon with intent to murder, the language would have been, with intent to murder, or with intent to kill *and* murder.

Some light is thrown on this question of intent of the legislature, by referring to the Revised Statutes of 1839, and the subsequent legislation on this subject. Sec. 17, chap. 94. Rev. Stat., provides that, " if any person being armed with a dangerous weapon, shall assault another with intent to rob, or to murder, he shall be punished by imprisonment in the state prison not more than ten years." Thus we see in this the legislature coupled the intent to rob, with the intent to murder, in the alternative, in the same section ; imposing the same punishment on each. It will be noticed the word kill is not in that section. In 1850, (Comp. Stat. 93, § 19,) it was enacted that, " if any person being armed with a dangerous weapon, shall assault another with intent to murder, he shall be punished by impris- onment in the state prison for life, or for a term of years not less than five." This is precisely like section 23 in the General Statutes now under consideration, except in this section 23, are the words, with intent to *kill or murder*, in place of the words, *with intent to murder*, in the Compiled Statutes. The simple question is whether this change in the language is to be regarded as accidental and as not designed to change the construction, or whether on the contrary, it is to be regarded as incorporating into this section an additional offence, that of an aggravated assault with a dangerous weapon with an intent to kill, although the intent falls short of an intent to mur- der. We think the latter is the clear import of the language, and that it must be deemed to have been so intended. It is true that where laws are collected, embodied and enacted, made up mainly of existing statutes, slight changes in phraseology not clearly changing the sense, will not be construed as an intention to change the existing

law. But section 19 of Comp. Stat. referred to, is clear and explicit to define the single offence of an assault with a dangerous weapon with intent to commit murder ; and it is impossible to account for this change in the language upon any other ground than that of an intention to incorporate into that section the offence for which the respondent has been convicted.

It is urged against this construction that the effect is, or may be, the infliction of a greater punishment for an assault with a dangerous weapon with intent to kill, than for manslaughter, had the killing been accomplished. So far as the punishment for manslaughter by imprisonment is concerned, the *maximum* punishment is the same, and the *minimum* two years less under this section than for manslaughter under section 15. But it is true that in manslaughter there is an alternative punishment by fine not exceeding $1000. But it is to be considered that under this section in question the crime involves the turpitude of an actual intent to kill ; while one may be convicted of manslaughter without any such intent, or even without any intent to injure, he may be guilty of manslaughter merely by reason of gross negligence or carelessness. Therefore it is not unreasonable that a milder punishment should be permitted in manslaughter, than the lowest limit for the offence of an assault with a dangerous weapon with intent to kill. Section 18 prescribes the punishment for an assault with intent to kill, and we think the word *kill* was introduced into this section 23 for the purpose of imposing a more severe punishment, if the assault with such intent was with a dangerous weapon.

Judgment that there is no error in the proceedings of the county court, and that the respondent take nothing by his exceptions.