THE STATE v. WHITE.

1. **Criminal Law**: ASSAULT WITH INTENT TO COMMIT MANSLAUGHTER. An assault with intent to commit manslaughter is included in an assault with intent to commit murder, and an indictment for the latter offense will sustain a conviction for the former.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 16.

THE defendant was indicted for the crime of an "assault with an intent to commit murder," and was convicted of an "assault with intent to commit the crime of manslaughter," and thereon was sentenced to a term of imprisonment in the penitentiary. He appealed to this court.

*Pollock & Shields*, for appellant.

*M. E. Cutts*, Attorney General, for the State.

BECK, J.—An opinion was filed, at the Davenport October term, 1875, in this case, reversing the judgment of the District Court. Thereupon the Attorney General, within the time prescribed by the rules of this court, filed a petition for rehearing, which was allowed, and the cause was again submitted upon the re-argument. At the following December term, the cause was again before the court for decision, and a conclusion was reached, concurred in by all the Justices then occupying the bench, contrary to the opinion before filed, and it was then decided that the judgment of the District Court be affirmed. The cause was assigned to one of the Justices, who, soon thereafter, ceased to occupy a seat on this bench, for the preparation of an opinion in accord with our decision. This, however, he was unable to do before the expiration of his term of office, and with others this case stood for re-assignment at the first meeting of the court as it is now organized. Through some oversight the cause was not re-assigned, and,

for that reason, escaped our attention until our last term. Upon another consideration by this court, as now constituted, we have unanimously reached the conclusion, agreeing with the decision upon the re-argument, that the judgment of the District Court ought to be affirmed.

Under the rules of this court, opinions, in causes wherein petitions for rehearing are filed, are not to be published in the Reports until the final disposition of the petition for rehearing, or the decision of the cases upon re-argument. Through another oversight this rule was not observed in this case, and the opinion found its way into the Reports. See 41 Iowa, 316.

We will briefly consider the only question involved in the case. Counsel for defendant insist that the conviction for an assault with intent to commit manslaughter, upon an indictment for an assault with intent to commit murder, is erroneous. This position presents the point we are called upon to decide.

1. CRIMINAL law : assault with intent to commit manslaughter.

Code, § 3872, prescribes the punishment for the crime of an assault with intent to commit murder. Sections 3874 and 3875 provide for the punishment of an assault with intent to maim, rob, steal, to commit arson and burglary, and to inflict a great bodily injury. No other provisions are found for the punishment of assaults with intent to commit crimes, specifying such offenses by name. But § 3876 is in these words: "If any person assault another with intent to commit any felony or crime punishable by imprisonment in the penitentiary, where punishment is not otherwise prescribed, he shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding five hundred dollars and imprisonment in the county jail not more than one year."

The following sections of the Code must be considered in determining the question before us:

"Sec. 4465. Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the offense charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment.

"Sec. 4466. In all other cases the defendant may be found

guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

Under section 3876, an assault with intent to commit manslaughter may be indicted and punished.

Murder is the felonious killing with malice. Manslaughter is the felonious killing without malice. The crime of manslaughter is not à degree of the crime of murder, but is a distinct offense, included in the crime of murder. Under section 4466, one indicted for murder may be convicted of manslaughter. These positions are too apparent to demand arguments in their support. The same conclusions must follow in regard to the offenses of assaults to commit these crimes. An assault with intent to commit murder covers the intent to unlawfully kill with malice. An assault with intent to commit manslaughter includes only the intent to kill unlawfully without malice. The intent to kill unlawfully without malice is necessarily included in the intent to kill unlawfully with malice. Remove the ingredient of malice in the last case and you have the first. It follows that, as an assault with intent to commit manslaughter is necessarily included in an assault with intent to commit murder, one indicted for the last crime may, under section 4466, be convicted of the first.

These views are supported by the following cases, which are directly in point upon this question. *State v. Butman*, 42 N. H., 490; *State v. Waters*, 39 Me., 54; *State v. Phinney*, 42 Id., 384; *State v. Nichols*, 8 Conn., 496; *Beckwith v. The People*, 26 Ill., 500; *People v. Kennedy*, 5 Cal., 133; *People v. English*, 30 Id., 214; *People v. Congleton*, 44 Id., 92; *State v. Reid*, 40 Vt., 603; *Wall v. The State*, 23 Ind., 150.

In *The State v. Jarvis*, 21 Iowa, 45, this court held that an assault with the intent to commit murder necessarily included a simple assault, and, under section 4466, which is section 4836 of the Revision of 1860 and section 3039 of the Code of 1851, a prisoner indicted for the first named crime could be convicted of the offense last mentioned. If, upon an indictment for an assault with intent to commit murder, a prisoner may be convicted of an assault simple, on the ground it is included in the crime alleged in the indictment, it follows that assaults

of a higher degree of criminality are also included in the offense charged, for which there may be convictions.

The judgment of the District Court is

AFFIRMED.