## STEVENS v. STATE.

### (*Knoxville.* November 3, 1892.)

1. INDICTMENT. *For felonious assault includes lower grades of offense.*

   Doctrine re-affirmed that indictment for assault with intent to commit murder in first degree includes the charges of attempt, or assault with intent, to commit murder in second degree and voluntary manslaughter, and the charge of simple assault.

   Code construed: §§ 5375, 5379, 6061, 6062 (M. & V.); §§ 4626, 4630, 5222, 5223 (T. & S.).

   Cases cited: Smith v. State, 2 Lea, 614; State v. Williams, 5 Bax., 655.

2. SAME. *Same.*

   But such indictment does not include any such offense as "attempt to commit involuntary manslaughter," for the reason that no such offense exists, or is known to criminal law.

---

FROM KNOX.

---

Appeal in error from Criminal Court of Knox County. J. W. SNEED, J.

CHARLES NELSON and HORACE FOSTER for Stevens.

Attorney-general PICKLE for State.

SNODGRASS, J. Stevens was indicted for assault with intent to commit murder in the first degree. He was tried and found guilty of an "attempt to commit involuntary manslaughter," and sentenced to one year's imprisonment in the penitentiary. From this judgment he appeals in error.

The indictment was under § 4626 of the Code, and the conviction of "attempt to commit" any of the crimes embraced in it was, if involuntary manslaughter is included, authorized by § 5222 of the Code. The section under which the indictment was found became law in 1829. From that date to 1879 it had been treated by the profession and the Courts as including but one felony, embracing the intent to commit murder in the first degree, but during the year last mentioned it was held to include and authorize conviction for assault with intent to commit murder in the second degree. *Smith* v. *State*, 2 Lea, 614.

This construction has ever since prevailed. In the Smith case the charge of the Circuit Judge was to the effect that one other felony, that of intent to commit voluntary manslaughter, was included in the indictment, but as the jury returned a verdict of guilty of assault with intent to commit murder in the second degree, it did not become necessary to say in that case that the statute did include assault with intent to commit voluntary manslaughter; but the result must embrace that offense, upon the same ground the statute was held to include the other.

It had, five years before, been held that an indictment for assault with intent to commit manslaughter was good under another section of the Code, the illustration put by the Court to justify the construction being one of voluntary manslaughter, though no distinction was made in

terms between voluntary and involuntary. Code, § 4630; *State* v. *Williams*, 5 Bax., 655.

As before shown, this is an indictment under § 4626, and if it be held to cover and include all the offenses of § 4630, neither case referred to settles that there is such an offense embraced in either section, or such an offense at all as an "assault with intent to commit involuntary manslaughter;" and we hold there is no such offense.

We have been particular to note and limit the two cases cited to the precise effect of each, and to show that it is not necessary to disapprove either in arriving at our present conclusion. We deem it proper to add, however, that if they, or any other case heretofore decided, could be held to fairly determine the question adversely to the view now taken, such case is expressly disaffirmed and overruled.

The verdict of the jury in this case was an acquittal of all the felonies involved in the indictment, as though it had, in terms, been that defendant was not guilty of assault with intent to commit murder in the first or second degree or voluntary manslaughter. It follows that so much only of the verdict as specified an offense and fixed a punishment not authorized is involved and judgment thereon erroneous.

The judgment is therefore reversed, and the case remanded for further proceedings, and trial upon the misdemeanors included in the indictment. Code, § 5223.