WILL WILLIAMS, PLAINTIFF IN ERROR, VS. THE STATE
    OF FLORIDA, DEFENDANT IN ERROR.

1. One who assaults another with intent to kill him, under such
   circumstances as that had the assault resulted in the death
   of such other the homicide would have been manslaughter,
   may, under Section 2403, Revised Statutes, be convicted and
   punished for assault with intent to commit a felony.
2. An indictment charging an assault with intent to commit the
   felony of murder in the highest degree, charges likewise an
   assault with intent to commit every grade or degree of unlaw-
   ful homicide that can be committed in pursuance of a homi-
   cidal intent, and is sufficient to sustain a conviction for assault
   with intent to commit the felony of manslaughter.
3. One who assaults another with a deadly weapon, not having a
   premeditated design to effect the latter's death, may be con-
   victed of an aggravated assault under Section 2402, Revised
   Statutes, but if the assault is made with homicidal intent and
   under such circumstances that had it resulted in the death of
   the person assaulted, the person committing such assault would
   have been guilty of manslaughter, he may be convicted of an
   assault with intent to commit a felony under Section 2403, Re-
   vised Statutes.

Writ of error to the Circuit Court for Walton coun-
ty.

The facts in the case are stated in the opinion of the
court.

*Daniel Campbell,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

CARTER, J.:

At the Spring term, 1898, of the Circuit Court of
Walton county an indictment was presented against

plaintiff in error charging him with an assault with intent to murder one Gus Drummond. The indictment alleged that the assault was committed by the accused without authority of law, of his malice aforethought and from a premeditated design to effect Drummond's death, with a deadly weapon, to-wit: a pistol loaded with gunpowder and leaden bullets, by the discharge of which he was alleged to have inflicted upon the person of Drummond two painful and dangerous wounds, with intent, wilfully, without authority of law, of his malice aforethought and from a premeditated design to effect Drummond's death, him the said Drummond then and there to kill and murder. At the ensuing Fall term of the court, the defendant was tried and the jury rendered their verdict as follows: "We, the jury, find the defendant guilty of an assault with intent to commit manslaughter." The defendant moved in arrest of judgment upon the ground that the verdict found the defendant guilty of a crime unknown to the law. This motion was overruled and the defendant sentenced to two years' confinement at hard labor in the State prison, from which he sued out this writ of error.

The only assignment of error argued relates to the ruling upon the motion in arrest of judgment. There being no bill of exceptions in the record, we must presume that the evidence was sufficient to sustain the verdict, if the jury could under the law find the defendant guilty of an assault with intent to commit manslaughter. Chapter 1637, act of August 6th, 1868, recognized and prescribed penalties for assaults with intent to murder and assaults with intent to commit manslaughter. Sections 34, 36 and 46, Sub-Chapter 3. This legislation repealed the act of 1832 prescribing punishments for assaults with intent to kill. Sherman v. State, 17 Fla. 888.

On February 11, 1881, Chapter 3275 was enacted, by which it was provided as follows: Section 1. "That whoever assaults another with a deadly weapon, with a premeditated design to effect the death of the person assaulted, shall be deemed guilty of an assault with intent to murder," and the offence was made a felony.

Sec. 2. "That whoever assaults another with a deadly weapon, not having a premeditated design to effect the death of the person assaulted, shall be deemed guilty of an aggravated assault," and the offence was made a misdemeanor.

Sec. 3. "That all laws and parts of laws now in force for the punishment of assault with intent to murder, and assault with intent to kill, and assault with intent to commit manslaughter, be and the same are hereby repealed."

The first and third sections of this act were omitted from the Revised Statutes of 1892 and thereby repealed; but the second section was incorporated therein and continued in force as section 2402, and an entirely new provision was added and numbered section 2403, reading as follows: "What assaults felonies. Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." This section designs to punish assaults committed *with intent* to commit any felony. The intent is the gist of the offence, and no one can be punished under this statute for an assault unless it be accompanied with the requisite intent. All unlawful homicides in this State are either murder in the first, second or third degrees, or man-

slaughter; but they are all felonies. If, therefore, one assaults another, with intent to kill him, and the killing would be unlawful, he has committed an assault with intent to commit a felony, whether the homicide would, if it had been accomplished, have been murder in either degree or merely manslaughter. The statute under consideration is clearly broad enough to include any felony, and manslaughter is a felony. But upon indictments for assault with intent to commit any of the grades or degrees of unlawful homicide, it will not be sufficient to show that the killing, had it occurred, would have been unlawful and a felony, but it must be found that the accused committed the assault with intent to take life, for although an unintentional or involuntary killing may in some cases be unlawful and a felony, no man can intentionally do an unintentional act; and without the intent the assault can not be punished under this statute, even though the killing, had it been committed, would have amounted to a felony. Walls v. State, 90 Ala. 618, 8 South. Rep. 680; Carter v. State, 28 Tex. App. 355, 13 S. W. Rep. 147; State v. Evans, 39 La. Ann. 912, 3 South. Rep. 63; People v. Mize, 80 Cal. 41, 22 Pac. Rep. 80; Hall v. State, 9 Fla. 203, S. C. 76 Am. Dec. 617; Davis v. State, 25 Fla. 272, 5 South. Rep. 803; Davis v. State, 35 Fla. 614, 17 South. Rep. 565. This leads us to inquire whether an intentional homicide committed with a deadly weapon can under any circumstances constitute manslaughter; for, if so, we must assume that there was evidence before the jury authorizing them to find that defendant unlawfully assaulted Drummond with a deadly weapon with intent to kill him, under such circumstances as that if Drummond had been killed the homicide would have been manslaughter. Aside from special cases which are declared to be manslaughter by the Revised Statutes, general definitions of the offence

are found in sections 2384-2388, which declare that "the killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder according to the provisions of this Article shall be deemed manslaughter," and "whoever shall unnecessarily kill another, either while resisting an attempt by such other person to commit any felony or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter." By section 2380, murder in the first degree is defined as "the unlawful killing of a human being when perpetrated from a premeditated design to effect the death of the person killed, or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary;" in the second degree, as "when perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual;" in the third degree, as "when perpetrated without any design to effect death by a person engaged in the commission of any felony other than arson, rape, robbery or burglary." It will readily be perceived by an analysis of the language of these statutes that there is nothing in the definition of manslaughter to exclude from its provisions all *intentional* homicides, or to include within the definition of murder all *intentional* killings, unless the intention is so deliberate as to amount to a premeditated design. The ordinary case of a sudden combat where the passions are aroused by sufficient provocation will furnish a pertinent illustration. Here there may be an intent to take life accompanied by an assault with a deadly weapon to carry out that intent. If the intent does not rise to the

degree of a premeditated design, the killing will not be murder, but manslaughter. If the act does not result in death, why will not the party be guilty of an assault with intent to commit a felony, to-wit: manslaughter? We think he will be, and in this conclusion we are sustained by the following authorities: State v. White, 45 Iowa, 325; State v. Butman, 42 N. H. 490; State v. Throckmorton, 53 Ind. 354; Stevens v. State, 91 Tenn. 726, 20 S. W. Rep. 423. See, also, State v. Nichols, 8 Conn. 496; State v. Reed, 40 Vt. 603; State v. Waters, 39 Me. 54; Hall v. State, 9 Fla. 203, S. C. 76 Am. Dec. 617. This conclusion is not in conflict with the decisions in People v. Lilley, 43 Mich. 521, 5 N. W. Rep. 982, and Moore v. State, 146 Ill. 600, 35 N. E. Rep. 166, for there is nothing in our statute which implies that the intent to take life must be deliberate or premeditated, as was the case with the statutes construed in those cases. The indictment in the present case charged an assault with intent to commit the highest offence arising from an unlawful homicide, murder in the first degree. The other degrees of murder and manslaughter are lower degrees of the same offence, or offences of the same kind lesser in degree, and the assaults with intent to commit them are offences of the same nature, differing only in degree. This being true, and all of them being felonies, an indictment charging the assault to have been committed with intent to commit the highest degree of unlawful homicide—murder in the first degree—charges likewise an assault with intent to commit every grade or degree of unlawful homicide that can be committed in pursuance of a homicidal intent, and is sufficient to sustain a conviction for assault with intent to commit any of the lesser degrees or offences, and, therefore, to sustain a verdict for an assault with intent to commit manslaughter. While the decisions are not uniform upon this

point, legal reasoning and the weight of authority support the view we announce, and our own decisions and statutes recognize the principles upon which our conclusion rests.   Warrock v. State, 9 Fla. 404; Potsdamer v. State, 17 Fla. 895; Pittman v. State, 25 Fla. 648, 6 South. Rep. 437; Winburn v. State, 28 Fla. 339, 9 South. Rep. 694; Brown v. State, 31 Fla. 207, 12 South. Rep. 640; Barker v. State, 40 Fla. 178, 24 South. Rep. 69; McCoy v. State, 40 Fla. 494, 24 South. Rep. 485; §2921 Revised Statutes; State v. Nichols, 8 Conn. 496; State v. Throckmorton, 53 Ind. 354; State v. Butman, 42 N. H. 490; State v. White, 45 Iowa, 325; State v. Williams, 23 N. H. 321; Sharp v. State, 19 Ohio, 379; Stevens v. State, 91 Tenn. 726, 20 S. W. Rep. 423; Wall v. State, 23 Ind. 150; Robinson v. Commonwealth, 16 B. Mon. 609; Beckwith v. People, 26 Ill. 500; People v. Congleton, 44 Cal. 92; State v. Frances, 36 La. Ann. 336.   But the plaintiff in error contends that inasmuch as the act of 1881 repealed all laws for the punishment of assaults with intent to kill, and to murder, and to commit manslaughter, and made provision for punishing as for a felony one who assaults another with a deadly weapon with a premeditated design to effect the death of the person assaulted, and for punishing as for a midemeanor one who assaults another with a deadly weapon not having a premeditated design to effect the death of the person assaulted, the latter provisions were designed to take the place of the laws repealed—that the second section designed to create the offence of aggravated assault as a substitute for the former offence of assault with intent to commit manslaughter, and being brought forward in the Revised Statutes it must receive the same construction now.   But the argument is more specious than sound, for the crime defined by the statute as aggravated assault does not contain all the constituent

elements necessary to constitute an assault with intent to commit manslaughter. In the latter offence the *intent to take life* is the gist of the offence, while in aggravated assault the question of intent is not material, further than that the party committing the assault must not have a premeditated design to effect death. In the one case an assault with intent to take life must be alleged and proved; in the other, an assault *with a deadly weapon* must be alleged and proved, but the intent with which the assault was made, whether to take life, or to wound or injure, or whether the assault was made with any particular intent, is entirely immaterial unless the intent should amount to a premeditated design to effect death, in which case the assaulting party would not be guilty of an aggravated assault, but would have been guilty of assault with intent to murder under the first section of the act of 1881. The reason assaults with intent to commit manslaughter were not punishable after the act of 1881 was not because they were merged in the offence of aggravated assault, but because the third section of the act repealed all laws for their punishment. This repealing clause having itself been repealed by the Revised Statutes, and a new provision enacted as section 2403 of those statutes, which prescribes a penalty for an assault with intent to commit any felony, and manslaughter being a felony, we must construe the last named section in connection with the one relating to aggravated assault, and unless there is some conflict between them, give full effect to each. There is no conflict between the two sections and each can be given its full natural meaning. An assault with a deadly weapon not having a premeditated design to effect death is an aggravated assault, punishable as a misdemeanor, but when there is superadded the element of an intent to commit manslaughter upon the person of the assaulted

party, the offence passes beyond a mere aggravated assault and becomes the more aggravated crime of assault with intent to commit a felony. State v. Reed, 40 Vt. 603.

The judgment of the Circuit Court is affirmed.