### OLIN GRANTHAM v. STATE.

190 So. 495
Division A
Opinion Filed July 7, 1939

*Ben Lindsey,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—Plaintiff in error was indicted for the offense of assault with intent to commit murder in the first degree and convicted of assault with intent to commit manslaughter. He insists that the judgment should be reversed because of the erroneous decisions of the trial court in denying his motion for a continuance, admitting certain evidence, which we will discuss, and refusing to set aside a

verdict of guilty of the lesser crime in the absence of proof of intent to kill and use of a dangerous weapon.

The arraignment occurred September 28 and plea of not guilty was then entered. Three days later the plaintiff in error moved the court for permission to withdraw the plea and present a motion to quash. Though the record is silent as to a ruling on this application it was apparently granted as an order was rendered denying the motion to quash. It was next sought to obtain a continuance because of the length of time elapsing between the finding of the indictment (September 22), and the "calling the case for trial," October 1. According to the motion, defendant's attorney was engaged in the trial of a murder case September 30 and because of this task was precluded from interviewing witnesses essential to the defense and from summoning them.

We have said as recently as January 20, 1939, that the element of time is but a circumstance in reviewing the court's action in denying a motion for continuance to afford an opportunity for preparation of a defense and that to avail the plaintiff in error anything the abuse of discretion of the presiding judge must be clearly shown. Wadsworth v. State, 136 Fla. 134, 186 South. Rep. 435.

In the present case the trial was held nine days after the indictment was returned and three days after the defendant pleaded. The court was not given the benefit of any particulars about the witnesses defendant wished to examine. The motion was silent with reference to their availability or the importance of their testimony. The time required for having a subpoena issued is, of course, negligible.

From the representation made in the application, the court doubtless felt there was a dearth of information showing that delay was indispensible to a proper defense and reading it in the light in which it was probably considered

by him we feel we would have ruled likewise, hence it necessarily follows that evidence of clear abuse is wholly lacking.

It is urged that testimony given about the screams of the person alleged to have been assaulted should not have been admitted. Immediately after the altercation, plaintiff in error took the assaultee to a filling station. A man who saw them related that the latter, a woman, was crying and screaming. The incident was so closely connected with the attack by the plaintiff in error as to have been relevant. The instrument used by plaintiff in error was said by the prosecuting witness to have had the appearance of a black-jack and the sheriff of the county quoted plaintiff in error as stating to him that he did use such a weapon in the attack. Substantiating this evidence is the description of the wounds given by the physician who treated them. He said that a dull instrument was used and with such force that the skull was bared and nicked as a result of four blows.

The intent must be proven to justify conviction of assault with intent to commit manslaughter, Williams v. State, 41 Fla. 295, 26 South. Rep. 184, and although it is not necessary to show that the assault was made with a deadly weapon, Taylor v. State, 49 Fla. 69, 38 South. Rep. 380, text 387, the evidence in the instant case as to the nature of the instrument and the persistent manner of its use was sufficient to support the jury's conclusion that there was a design on the part of the accused to take the life of the victim of his assault.

The judgment is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as au-

thorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.