536 So.2d 1194 (1989)
STATE of Florida, Appellant,
v.
Elizabeth Kay SHEROUSE, Appellee.
No. 88-602.
District Court of Appeal of Florida, Fifth District.
January 19, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellant.
William J. Sheaffer, Orlando, for appellee.
PER CURIAM.
AFFIRMED.
DAUKSCH and DANIEL, JJ., concur.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
The appellee, Elizabeth Kay Sherouse, was charged with two counts of attempted manslaughter in violation of sections 782.07 and 777.04, Florida Statutes (1987). She had tested positive for the AIDS virus, H.I.V., and had been informed that the virus was deadly and could be transmitted through sexual intercourse. The state alleged that she disregarded these warnings and offered or agreed to engage in sexual intercourse for money with two male individuals on two separate occasions. She did not inform the male individuals that she had the AIDS virus or that it could be transferred through sexual intercourse.
The trial court granted Sherouse's 3.190(c)(4) motion to dismiss on the basis that there was no crime of attempted involuntary (culpable negligence) manslaughter, and although Sherouse acted in a culpably negligent fashion, there was no evidence that her conduct evidenced an intent to kill.
Florida recognizes the existence of the criminal offense of attempted voluntary manslaughter, but not the offense of attempted involuntary (culpable negligence) manslaughter. Taylor v. State, 444 So.2d 931 (Fla. 1983). See also Murray v. State, 491 So.2d 1120 (Fla. 1986); Tillman v. State, 471 So.2d 32 (Fla. 1985); and Brown v. State, 455 So.2d 382 (Fla. 1984). In these cases the Florida Supreme Court held that culpable negligence is not sufficient to maintain an attempted manslaughter charge and there must be the requisite criminal intent to support the charge of attempted manslaughter.
The state reads these cases to mean that the intent to commit an unlawful act supports the attempted manslaughter charge. The state argues that Sherouse's intent to commit the unlawful act of prostitution while carrying the AIDS virus provides the inference of an intent to kill; therefore, only the intent to commit the precipitating act, and not the intent to commit homicide, must be demonstrated. Sherouse, on the other hand, contends that voluntary manslaughter is a specific intent crime and relies on the Florida Supreme Court cases cited above.
The trial court, after considering the Florida Supreme Court cases cited above, relied on our language in Barton v. State, 507 So.2d 638, 641 (Fla. 5th DCA 1987), rev'd on other grounds, State v. Barton, 523 So.2d 152 (Fla. 1988), wherein we interpreted Taylor:

*1195 Taylor v. State, 444 So.2d 931 (Fla. 1983), held that an intent to kill is a prerequisite for conviction of assault with intent to commit manslaughter pursuant to Williams v. State, 41 Fla. 295, 26 So. 184 (1899). Adopting the Williams rationale, Taylor held that the crime of attempted manslaughter exists in situations where, if death resulted from an act of the defendant, the defendant would be guilty of voluntary (i.e., intentional) manslaughter at common law. Voluntary manslaughter at common law (as to which there can be an attempt) has been statutorily enacted in Florida as "the killing of a human being by the act (or) procurement ... of another, without lawful justification." § 782.07, Fla. Stat. (1985). The words "act" and "procurement" obviously refer to acts evidencing an intent to kill, as required at common law for voluntary manslaughter.
Taylor, in its discussion of voluntary manslaughter, repeatedly refers to the requisite of an intention to kill, not simply the intention to commit an unlawful act that results in homicide. In discussing the older case of Williams v. State, 41 Fla. 295, 26 So. 184 (1899), the Taylor opinion states: "The (Williams) Court made it clear, however, that for a conviction of assault with intent to commit manslaughter to be valid, there must be proof that the defendant did intend to kill." (Emphasis added). Taylor at 933. In discussing the facts of Taylor, Justice Boyd wrote: "[I]t is clear that appellant intentionally fired the shotgun at Clayton. This is sufficient proof that he intended to kill him. Kelly v. State, 78 Fla. 636, 83 So. 506 (1919)." (Emphasis added). Taylor at 934.
Therefore, consistent with our interpretation in Barton, an essential element of the crime of voluntary manslaughter is an intent to kill, although that intent lacks sufficient deliberation to elevate the homicide to first degree murder. See Williams, 41 Fla. at 299-300, 26 So. at 186.
For the foregoing reasons, I concur with an affirmance of the trial court's dismissal. It is ironic, however, that a charge of the greater crime of attempted second degree murder arguably could have been sustained since second degree murder does not require any specific intent to kill another person. See § 782.04(2), Fla. Stat. (1987).