EDWARD F. PITTMAN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A witness may, without being an expert, testify from his knowledge as to the length, depth and directions of wounds.

2. Any weapon is a deadly weapon which is likely to produce death, but a weapon capable of producing death is not necessarily a weapon likely to produce death.

3. The omission of the Clerk of the Circuit Court to put the usual file mark on an indictment which has been pleaded to, and of which the record shows due presentation by a grand jury in open court, is not a ground for arrest of judgment.

4. The indictment charges that the defendant "in and upon one George H. Hughes, with a certain deadly weapon, to-wit : an open knife, which he, the said Edward F. Pittman, was then and there armed, feloneously, wilfully and of his malice aforethought, did make an assault, and the said George H. Hughes, in and upon the right side of the neck of him, the said George H. Hughes, then and there, with the knife, aforesaid, and by cutting, stabbing and wounding feloneously, wilfully and of his malice aforethought to kill and murder :" *Held,* That the averments of the indictment are sufficient to show that the assault was made by the defendant upon Hughes.

5. A man indicted for assault with intent to murder may, under such charge, be convicted of an aggravated assault.

Writ of Error to the Circuit Court for Gadsden county.

The facts of the case are stated in the opinion of the court.

*John W. Malone* and *Edward Owens* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J.: The plaintiff in error was tried in the Circuit Court upon an indictment charging him with assault with intent to murder George H. Hughes, and was con-

victed of an aggravated assault. There were motions for new trial and in arrest of judgment, both of which motions were overruled The defendant was sentenced to imprisonment in the county jail for the term of one year, and to pay the costs of suit ; from which rulings and sentence the case was brought to this court upon writ of error.

The following are the errors assigned :

1. The admission of the testimony of T. L. Wragg.

2. The overruling of the motion for new trial.

3. The overruling of the motion in arrest of judgment.

The evidence sent up in the transcript of the record tends to show that on the third day of March, 18?8, the plaintiff in error and George H. Hughes being in the store of Stearns, in the town of Quincy, plaintiff in error asked Hughes why he did not speak to him, and that Hughes replied, "this is a free country, and I will speak to whom I please." Pittman again propounded the same question, and Hughes replied as before, when Pittman said, "I want to know what you have heard about me, and if you don't tell me, you are a d—d rascal." Hughes replied, "if you say I am a d—d rascal, you are another." Pittman then struck or struck at Hughes with his open hand, and Hughes struck back with his fist, giving Pittman a severe blow in the face, and then the parties struck each other rapidly, and it was discovered that Pittman had a knife in his left hand, with which he was striking Hughes. After the difficulty was over it was found that Hughes had been cut on the right side of the neck, and on the right ear, and across the cheek. The wounds were bleeding profusely. One entered at the back of the neck where it was an inch deep, and ranged forward, and was not so deep where it terminated. The other cut through the right ear ranged forward and across the right cheek. That Hughes was under treatment for the wounds so received for several weeks.

There is also some evidence tending to show how Pittman held the knife at the time he did the cutting, that is, that he held the blade between his thumb and forefinger and gauged it. This was for the purpose of showing that the knife, as used by him, was not a deadly weapon.

T. L. Wragg, a witness for the State, testified as to the depth, length and direction of the wounds upon Hughes, which evidence was objected to in the court below upon the ground that it was irrelevant, but before this court it is insisted that the evidence of Wragg was inadmissible upon the ground that he was not an expert. But we are unable to comprehend the force of the argument of counsel in either event. If the evidence of Wragg was irrelevant, then all the evidence in the case was irrelevant; but this, counsel do not insist upon. Wragg did not testify as an expert. He only testified that he saw the wounds on Hughes; that the wounds were on the neck and face, they were so long and so deep, and expressed no opinion in regard thereto. There can be no objection to such testimony.

The next question is, did the court err in overruling the motion for new trial?

The second part of the first ground of the motion for new trial, that is, that the verdict of the jury was contrary to the evidence, is not insisted upon by counsel for plaintiff in error, and for this reason we will not comment upon the evidence further than to remark, that it tends to show that the plaintiff in error was the aggressor throughout in his difficulty with Hughes, and that after provoking the difficulty, he used a deadly weapon upon an unarmed man, and that as to how Pittman held the knife, at the time he was cutting Hughes, can make no difference when the serious nature of the wounds received by Hughes is considered.

As to the first part of the first ground for new trial, it is insisted that the verdict was contrary to law, but as to how

or wherein the verdict was contrary to law, we are not informed, nor can we see that the jury violated any law in rendering their verdict as it was rendered. The verdict conformed to the law as given to the jury by the court—the verdict itself was in due form, and it was fully sustained by the evidence.

The remaining ground of the motion for new trial refers to the charge of the court.

This charge we have examined and considered. The 6th paragraph of the charge is as follows: "Any weapon is a deadly which is capable of producing death **." This part of the charge is not correct. Any weapon or instrument, such as a needle or pin is capable of producing death, but it is not likely to do so. A deadly weapon is one "likely" to produce death; but this error we do not consider material under the circumstances of the case.

The evidence shows that the assault was made with a deadly weapon, a weapon likely to produce death, and the plaintiff in error has no cause to complain at this part of the charge. The remainder of the charge gives the law of the case and is wholly impartial.

The grounds of the motion in arrest of judgment are:

1. That the defendant did not assault the person as charged in the indictment with a deadly weapon.

2. That no indictment has ever been presented and filed in this court by a grand jury of Gadsden county, as required by law.

3. That the offence, of which the defendant is found guilty, is not charged in the indictment.

The first ground of this motion is not insisted upon.

It is insisted under the second ground of the motion that as there is no file mark on the indictment showing when it was returned into court, there is no record or other evidence

to identify it with the indictment returned into court by the grand jury.

This ground for arrest of judgment is not well taken. In Willingham vs. State, 21 Fla., 761, it was held that "No exception to the omission of the Clerk of the Circuit Court to put the usual file mark on an indictment which has been pleaded to, and of which the record shows due presentation by a grand jury in open court, can be raised primarily in the appellate court. Such omission is of no practical consequence to the prisoner under such circumstances." See also Gallaher vs. State, 17 Fla., 370.

In the case at bar, as in the case of Willingham vs. State, the record shows that the grand jury returned into open court an indictment against the defendant, upon which the Clerk of the Circuit Court did not put the usual file mark, but to which defendant pleaded, and upon which he went to trial without objection, and he cannot now avail himself of the omission of the Clerk to place such file mark on the indictment. "Such omission is of no practical consequence to the prisoner under such circumstances."

Under the third ground of the motion for arrest of judgment it is contended that the indictment was so drafted as not to show that the defendant assaulted Hughes, but on the contrary it shows that Hughes assaulted Hughes. The part of the indictment objected to is as follows : " That Edward F. Pittman, late of the county of Gadsden aforesaid, in the Circuit and State aforesaid, laborer, on the third day of March, in the year of our Lord one thousand eight hundred and eighty-eight, with force and arms at and in the county of Gadsden aforesaid, in and upon one George H. Hughes then and there being with a certain deadly weapon, to-wit : an open knife, with which he, the said Edward F. Pittman was then and there armed, feloniously, wilfully and of his malice aforethought, did make an assault, and the

said George H. Hughes, in and upon the right side of the neck of him, the said George H. Hughes, then and there, did stab, cut and wound with the intent and premeditated design him, the said George H. Hughes, then and there, with the knife aforesaid, and by such cutting, stabbing and wounding, feloniously, wilfully and of his malice aforethought, to kill and murder, against the form of the statute, * * *."

Now, it must be admitted that this indictment is not very artistically drawn, still there is enough in it to show that Pittman was the party who was doing the cutting, stabbing and wounding, and that Hughes was the party who was thus cut, &c., that is, the indictment shows by whom the assault was made, how it was made and upon whom it was made, and it completely overthrows the argument of counsel for plaintiff in error, when he says that the indictment fails to show by whom Hughes was assaulted, &c. Counsel further contend that the plaintiff in error might again be tried for the offence of which he was convicted, because the offence was not charged with such certainty that he could plead *autrefois convict*, but we do not share the apprehensions of counsel in this respect.

The third and last ground of this motion is, that the offence of which the defendant was found guilty is not charged in the indictment.

This is a new legal proposition, and if it is correct, every man in this State who has been indicted for murder in the first degree but convicted of murder in the second or third degree, or manslaughter in any degree, was illegally convicted. This is the logical sequence of this proposition, but the proposition is without any foundation whatever, because this court has repeatedly held that a party indicted for murder in the first degree may be convicted of any homicide of a less or lower degree; and it is held in McLean and Pear-

son vs. State, 23 Fla., 281, that "in criminal cases the jurisdiction is determined by the charge made. When the court has acquired the jurisdiction in such a case, by reason of such charge, it has under the law, jurisdiction of all lesser offences included within such charge." The only distinction between an assault with intent to murder and an aggravated assault is, that in the former case the assault is made with a deadly weapon *with* a premeditated design to affect the death of the party assaulted, and in the latter case the assault is made with a deadly weapon *without* any design to affect the death of the person assaulted. The two offences are of the same character and they are in the same line, and the latter offence is included in the former just as an assault is included in an assault and battery, and clearly there was no error in the conviction. The Circuit Court had jurisdiction over the offence charged in the indictment, and having jurisdiction in the offence charged, it had jurisdiction also in all lesser offences included within such charge, including an aggravated assault. The point was not raised in Boswell vs. State, 20 Fla., 869, but the prosecution in that case was for an assault with intent to murder, and the defendant was convicted of an aggravated assault, and the correctness of the conviction has not been questioned so far as we are aware.

The judgment is affirmed.