WALLACE RUIS AND JOHN DAVIS, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

The purpose of section 2403 Revised Statutes is to punish assaults made with intent to commit a substantive crime of felony and this intent is the gist of the offence of assaulting another with the design to commit the felony, and the indictment or information should charge the intent with which the assault was made with that certainty required as to other material allegations. A mere statement of such intent in the conclusion of the indictment or information, by way of legal deduction or inference from facts previously alleged will not be sufficient.

Writ of error to the Circuit Court for Baker County.

The facts in the case are stated in the opinion of the court.

*B. H. Palmer,* for Plaintiff in Error.

*William B. Lamar,* Attorney General, for Defendant in Error.

MABRY, J.

Plaintiffs in error were convicted and sentenced in the Circuit Court for Baker county at the Fall term, A. D. 1900. The Indictment returned against them, and upon which they were tired, charged in its body that they "on the 13th day of July in the year of our Lord one thousand eight hundred and ninety-eight, in the county and State aforesaid, in and upon one O. B. Sweat, with a certain deadly weapon, towit: a pistol and a gun, which they, the said Wallace Ruis and John Davis, then and there held in their hands, an assault did make, they the said Wallace Ruis and John Davis, having then and there a premeditated design to effect the death of the said O. B Sweat, contrary to the statute."

A motion was made to quash the indictment on several grounds questioning its efficiency, but the court overruled the motion and defendants excepted to the ruling, and now assign it as error. We think the court erred in this ruling. This indictment can not be sustained under our descision in the case of Hogan v. State, 42 Fla. 562, 28 South. Rep. 763. Our statute provides that "whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." Revised Statutes § 2403. The evident purpose of this statute is to punish assaults made with intent to commit a substantive crime of felony, and this intent is the gist of the of-

fence in assaulting another with the design to commit a felony. Williams v. State, 41 Fla. 295, 26 South Rep. 184, and cases cited. We held in the Hogan case, *supra,* that the information or indictment must charge the intent with which the assault was made with that certainty required as to other material allegations, and that a mere statement of such intent in the conclusion of the information or indictment, by way of legal deduction or inference from facts previously alleged, was not sufficient. In this respect the indictment now before us is more defective than the information in the Hogan case. It is alleged that defendants made an assault upon one O. B. Sweat on a certain day with a pistol and gun, but it is not stated that the assault was made with the intent to commit any felony. It is stated that the defendants did then and there —that is, on the day and in the county mentioned—have a premeditated design to effect the death of Sweat, but this is in the conclusion without any proper connection in point of time with the making of the assault. Again the asault must be made with the intent to commit a felony, and the indictment states simply as a conclusion that defendants had a premeditated *design* to effect death.

The judgment of the court below will be reversed with directions to sustain the motion to quash the indictment and for such further proceedings as may be consistent with law. So ordered.