# DECISIONS

OF THE

# Supreme Court of Florida.

JUNE TERM, A. D. 1902.

A. H. ANDERSON, PLAINTIFF IN ERROR, VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

An information charging that on a given date the accused with
a premeditated design and intent unlawfully to kill and
murder a certain named person in and upon him an as-
sault did make with a certain deadly weapon, sufficiently
connects in point of time the felonious intent with the
assault, and is not defective in failing to allege that the
assault was made with intent to murder.

Writ of Error to the Criminal Court of Record for
Duval county.

The facts of the case are stated in the opinion of the
court.

*Walker & Shaylor and C. B. Peeler,* for Plaintiff in
Error.

*William B. Lamar, Attorney-General,* for the State.

MABRY, J.

An information for an assault with intent to murder
was filed in the Criminal Court of Record for Duval

county against plaintiff in error. The charging part of
the information is that the defendant "on the 29th day of
July, in the year of our Lord one thousand eight hun-
dred and ninety-nine, in the county and State aforesaid,
of his malice aforethought and with a premeditated design
and intent unlawfully to kill and murder one George L.
Miller, in and upon him the said George L. Miller an as-
sault did make with a certain deadly weapon, to-wit: a
pistol, which he the said A. H. Anderson then and there
held in his hands, and him the said George L. Miller did
then and there beat, bruise, wound and illtreat; where-
fore, by virtue of the statute in such cases made and
provided, the said A. H. Anderson is deemed to have com-
mitted the crime of assault with intent to murder, con-
trary to the form of the statute," &c.

After arraignment the defendant was convicted of the
crime charged, and moved in arrest of judgment on the
grounds that the information was insufficient in form
and substance to base any judgment on, and failed to
charge an assault with intent to murder, and did not
charge any of the offenses covered by section ——, Re-
vised Statutes, or any crime under the laws of the State.
The motion was overruled by the court and the defendant
sentenced to the State penitentiary.

The error assigned and insisted on is the ruling of the
court denying the motion in arrest of judgment.

It is contended by counsel for plaintiff in error that
the information fails to allege that the assault was made
with intent to murder, as required by the rulings in the
cases of Hogan v. State, 42 Fla. 562, 28 South. Rep. 763,
and Ruis v. State, 43 Fla. 186, 30 South. Rep. 803. The
information in the present case, as in the cases cited,
is framed under section 2403 Revised Statutes, and ac-

cording to our ruling the purpose of the section is to punish assaults made with intent to commit a substantive crime of felony, and that this intent is the gist of the offense in the attempted felony and should be alleged with the same certainty required as to other material allegations. In the Hogan case the information alleged that the defendants on a given date in a designated locality committed an assault with a deadly weapon upon a certain person and then and there did beat, bruise, wound and illtreat him, the said defendants then and there having a premeditated design and intent then and there unlawfully to kill and murder. It was held that the intent must not be left to uncertain inference, and that a mere statement of such intent in the conclusion of the information by way of legal deductions from facts previously alleged was not sufficient. The ruling in the Ruis case is to the same effect. We are of opinion that the information in the case now before us differs from those in the cases cited, and that the intent with which the assault was made is stated with sufficient definiteness and certainty. It is distinctly alleged that on a certain date the defendant with a premeditated design and intent unlawfully to kill and murder one Miller in and upon him an assault did make with a certain deadly weapon, and him said Miller did then and there beat, bruise, wound and illtreat. This sufficiently connects in point of time the feloneous intent with the assault and the information is not objectionable on the ground urged. We are of opinion therefore, that the court did not err in overruling the motion in arrest of judgment, and the judgment must be affirmed.

Order to be entered affirming the judgment..