SIM BRINKLEY, PLAINTIFF IN ERROR, vs. THE STATE OF

FLORIDA, DEFENDANT IN ERROR.

## CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—INDICTMENT.

An information charging as follows: "That one Sim Brinkley, of the county of Duval, and State of Florida, on the 27th day of March, in the year of our Lord one thousand nine hundred and two, in the county and State aforesaid, of his malice aforethought and with a premeditated design and intent then and there unlawfully to kill and murder one Isaiah Markham, in and upon him, the said Isaiah Markham, with certain deadly weapons, to-wit: a gun and a pistol, which he, the said Sim Brinkley, then and there held in his hands, unlawfully an assault did make, and him, the said Isaiah Markham, did then and there beat, bruise, wound and illtreat; wherefore, by virtue of the statute in such cases made and provided, the said Sim Brinkley is deemed to have committed the crime of assault with intent to murder, contrary to the form of the statute," &c.: Held, to sufficiently charge the crime of assault with intent to murder.

Writ of error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*Walker & Shaylor*, for Plaintiff in Error.

*William B. Lamar*, Attorney-General, for the State.

Taylor, C. J.

The plaintiff in error was tried convicted and sentenced in the Criminal Court of Record for Duval county in April, 1902, for the crime of assault with intent to murder, and seeks reversal here by writ of error.

After verdict the defendant moved to arrest judgment on the following grounds: 1. Said information is insufficient in law, substance, form and effect to base judgment upon and does not afford any legal basis for sentence pursuant to said verdict.

2. Said information does not sufficiently allege either assault with intent to murder or any other crime known to the law and embraced within said charge.

3. And because no lawful judgment or sentence can be pronounced upon said information against defendant.

The denial of this motion forms the basis for the errors assigned that are as follows: 1. That the information is insufficient, as matter of law, in form and substance, as the basis for a valid judgment.

2. That the court erred in overruling the motion of said plaintiff in error, made in the court below, in arrest of judgment, on the grounds therein stated.

The charging part of the information questioned by these assignments of error, is as follows: "That one Sim Brinkley of the county of Duval and State of Florida, on the 27th day of March in the year of our Lord one thousand nine hundred and two, in the county and State aforesaid of his malice aforethought and with a premeditated design and intent then and there unlawfully to kill and murder one Iasiah Markham, in and upon him the said Isaiah Markham with certain deadly weapons, to-wit:

27 S. C.

a gun and a pistol, which he the said Sim Brinkley then and there held in his hands unlawfully an assault did make, and him the said Isaiah Markham did then and there beat, bruise, wound, illtreat; wherefore by virtue of the statute in such cases made and provided the said Sim Brinkley is deemed to have committed the crime of assault with intent to murder, contrary to the form of the statute," &c.

It is contended here, in support of the assignments of error made, that this information, like that in the case of Hogan v. State 42 Fla. 562, 28 South. Rep. 763, fails sufficiently to allege that the assault was made *with the intent* to commit the crime. A comparison of the two informations will be sufficient to show that this contention is untenable. We think the information in the case at bar is sufficient to sustain the conviction under it. Hogan v. State, *supra;* Ruis v. State, 43 Fla. 168, 30 South. Rep. 802; Gray and Hopkins v. State, decided at the present term.

There being no error in the record, the judgment of the court below is hereby affirmed.