JOE GRAY AND DENNY HOPKINS, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER— INFORMATION—SECTION 2403 REVISED STATUTES CONSTRUED.

1. An information charging substantially in the form set out in the opinion and headnote in the case of Brinkley v. State, decided here at the present term, Held, to be a sufficient charge of the crime of assault with intent to murder.

2. Under the provisions of section 2403 Revised Statutes it is not necessary to the crime of assault with intent to murder that the assault shall have been made with a deadly weapon. The gist of the offence, under this statute, consists in the intent with which the assault is made, and if this intent is properly alleged and proved, the instrument or appliance used is immaterial, except as it may serve as evidence to establish such intent.

Writ of error to the Criminal Court of Record for Duval County.

The facts of the case are stated in the opinion of the court.

*Walker & Shaylor* and *C. B. Peeler,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

TAYLOR, C. J.

The plaintiffs in error were tried, convicted and sentenced in April, 1902, in the Criminal Court of Record for Duval county for the crime of assault with intent to com-

Gray and Hopkins v. The State of Florida—Opinion of Court.

mit murder, and bring their case here by writ of error.

After verdict the defendants moved in arrest of judgment on the following grounds: 1. Said information is insufficient in law, in form, substance and effect to base a lawful judgment and sentence upon.

2. Said information does not sufficiently charge the supposed offense ot assault with intent to murder.

3. Said information alleges that said assault and assault and battery was inflicted upon said Hitchcock with a piece, or large piece of scantling which is alleged to be a deadly weapon, yet as matter of law such scantling is not a deadly weapon, nor is it as a matter of law a deadly weapon, nor is there in said information any allegation of the manner or method of use of said scantling, which—it not being *per se* a deadly weapon—would make the same in the circumstances a deadly weapon, and, therefore, said information fails to charge an assault with a deadly weapon as required by law to constitute assault with intent to commit murder.

4. Because no lawful judgment can be rendered upon said information.

The denial of this motion constitutes the basis for the two assignments of error made here, which assignments are as follows:

1. That the information is insufficient as matter of law, in form and in substance, as the basis for a valid judgment.

2. That the court erred in overruling the motion of said plaintiffs in error, made in the court below, in arrest of judgment, on the grounds therein stated.

The charging part of the information assailed by this motion is as follows: "That Joe Gray and Denny Hopkins, of the county of Duval, and State of Florida, on the

4th day of March, in the year of our Lord one thousand nine hundred and two, in the county and State aforesaid, of their malice aforethought and with a premeditated design and intent then and there unlawfully to kill and murder one S. D. Hitchcock in and upon him the said S. D. Hitchcock with a certain deadly weapon, to-wit: a large piece of scantling, which they, the said Joe Gray and Denny Hopkins then and there held in their hands unlawfully an assault did make, and him the said S. D. Hitchcock did then and there beat, bruise, wound and illtreat; wherefore by virtue of the statute in such cases made and provided the said Joe Gray and Denny Hopkins are deemed to have committed the crime of assault with intent to murder contrary to the form of the statute," &c.

The contention made here is that the information fails to allege sufficiently that the assault was made with a deadly weapon; that the large piece of scantling alleged to have been the instrument with which the assault was made not being *per se* a deadly weapon the information, to properly show that it was a deadly weapon should have alleged the manner of its use in the assault made therewith, and that, therefore, the information is insufficient. These contentions are not well taken; neither can the assignments of error be sustained.

The information is predicated upon Section 2403 of the Revised Statutes, that reads as follows: "Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." It

will be observed that under this statute it is not necessary that an assault with intent to commit murder shall be made with a deadly weapon. The gist of the offense consists in the *intent* with which the assault is made, and if this *intent* is properly alleged and proved the instrument or appliance used is immaterial, except as it may serve as evidence to establish such intent.

The information here, we think, avoids the infirmity pointed out in the information and indictment, respectively, in the cases of Hogan v. State, 42 Fla. 562, 28 South. Rep. 763, and Ruis v. State, 43 Fla. 186, 30 South. Rep. 802, in which cases it was held that the information in the one and the indictment in the other failed to sufficiently allege that the assaults charged therein were made with the intent to murder. The information here is sufficient in this respect. Anderson v. State, and Brinkley v. State decided at the present term.

Finding no errors the judgment of the court below in said cause is hereby affirmed.