RISDEN McDONALD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. A motion in arrest of judgment is not the proper remedy for a wrong verdict.

2. Under the provisions of section 2403, Revised Statutes, it is not necessary to the crime of an assault with intent to murder that the assault shall have been made with a deadly weapon. The gist of the offense, under this statute, consists of the intent with which the assault is made; and, if the intent is properly alleged and proved, the instrument or appliance used is immaterial, except as it may serve as evidence to establish such intent.

3. Where an information charges that an assault was committed with a pistol, with the intent to effect death, it is not necessary to charge in said information that the pistol was loaded. *Peterson v. State*, 41 Fla. 285, 26 South. Rep. 709, and *Brinkley v. State*, 44 Fla. 416, 33 South. Rep. 296, approved and followed.

4. To enable an appellate court, upon writ of error, to review the ruling of an inferior court denying a motion for a new trial, based upon the grounds that the verdict is contrary to the law and the evidence, and unsupported by the evidence, the motion

and the exception to the ruling denying it must be embodied in a bill of exceptions, under the signature of the trial judge. Where such motion and the exception to the ruling thereon are found only in the record proper, we can not consider same.

5. Where no argument is made concerning errors which have been assigned, such errors will be deemed and treated as abandoned.

6. Evidence examined, and found sufficient to support the verdict.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Escambia county.

The facts of the case are stated in the opinion of the court.

*C. M. Jones* (with whom was *Chas. M. Coston* on the brief) for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

SHACKLEFORD, J.—In September, A. D. 1902, the plaintiff in error was charged by information, in the Criminal Court of Record of Escambia county, with the crime of an assault with intent to murder, was tried in said court in February, A. D. 1903, convicted of the crime of an assault with intent to commit manslaughter, and sentenced to pay a fine of two hundred and fifty dollars and costs, and in default of such payment to be confined by imprisonment in the county jail at hard labor for the period of two years. Reversal is sought of this judgment and sentence in this court by writ of error.

The first assignment of error is "because the said trial court erred in not arresting the judgment herein on the grounds and for the reasons set forth in the motion in arrest of judgment filed in this said case and numbered, paragraphically, 1, 2, 3, 4, 5, 6 and 7, the same now being made a

part hereof and insisted upon as if the same had been fully and completely set forth herein."

Turning to the record we find that said motion contains eight grounds, all of said grounds but the first, however, relating to the form of the verdict and attacking the validity and legality thereof. We can consider only the first ground of said motion for the reason that a motion in arrest of judgment is not the proper remedy for a wrong verdict. *Bacon v. State,* 22 Fla. 51; *Mathis v. State* 45 Fla. 46, 34 South. Rep. 287; *Sedgwick v. Dawkins,* 18 Fla. 335; *Hyer v. Vaughn,* 18 Fla. 647; *McClerkin v. State,* 20 Fla. 879; *Murray v. State,* 9 Fla. 246.

The first ground of said motion is "because the information is defective in this, that it does not state or set forth with particularity the manner and means by which the alleged assault was attempted to be committed."

An examination of the information discloses that it charges that the plaintiff in error "an assault did commit with a certain deadly weapon, to-wit: a pistol, by then and there, without authority of law, and from his premeditated design to effect the death of the said Dougal Sampson, with the said pistol firing at, shooting at and attempting to shoot him, the said Dougal Sampson, with the felonious intent of him, the said Risden McDonald, him, the said Dougal Sampson, by such shooting and attempts to shoot made and done with the said weapon in the manner aforesaid to kill and murder," etc.

The counsel for plaintiff in error contend that this information was fatally defective, in that it failed to allege that said pistol was loaded with powder, leaden ball, etc.

This contention of plaintiff in error has already been decided by this court adversely to him. See *Peterson v. State,* 41 Fla. 285, 26 South. Rep. 709, the first and second headnotes of which are as follows: "Where an indictment charges an assault with a named weapon, without designating the manner of its use, it is the proper function

of evidence to supply the particulars by pointing out the specific manner in which the weapon was used to accomplish the alleged assault." "Where an indictment charges that an assault was committed with a pistol, but does not state the manner in which it was used, nor that it was loaded, nor that defendant discharged or attempted to discharge it, evidence tending to show that the pistol was loaded and that the assault was committed by discharging it at the person assaulted, is properly admissible." Also see *Brinkley v. State,* 44 Fla. 416, 33 South. Rep. 296; *Gray v. State,* 44 Fla. 436, 33 South. Rep. 295; *Anderson v. State,* 44 Fla. 413, 33 South. Rep. 294; *Drummer v. State,* 45 Fla. 17, 33 South. Rep. 1008.

The second error assigned is based upon the denial by the trial court of the motion for a new trial. We can not consider this assignment for the reason that said motion for a new trial and the ruling of the court thereon appear only in the record proper, and are not evidenced to this court by a bill of exceptions. As was said by this court in *Coleman v. State,* 43 Fla. 543, 30 South. Rep. 684, "a motion for a new trial, upon the grounds stated in the assignments of error, is essentially a matter *in pais,* and must, with the exception to the ruling thereon, be evidenced to this court by bill of exceptions, in order to entitle us to consider it." Also see 14 Ency. Pl. & Pr., 967.

The third and last error assigned is "because the trial court erred in its final judgment." This assignment is not argued here, and, following the long settled practice of this court, must be treated as abandoned. Said error is not even mentioned by counsel for plaintiff in error in their brief. See *Mathis v. State, supra*; *Mitchell v. State,* 45 Fla. 76, 33 South. Rep. 1009.

Finding no error in the record, the judgment of the Circuit Court must be affirmed, and it is so ordered. The costs of this appellate proceeding to be taxed against the county of Escambia.