Barber v. The State of Florida—Syllabus.

HOCKER & PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.

---

JOSEPH A. BARBER, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. It is the policy of this court, as it evidently was of the Legislature in enacting Sections 2892 and 2893, of the Revised Statutes of 1892, to uphold indictments and information whenever there has been a substantial compliance with law therein.

2. Defects in indictments and informations should be called to the attention of the trial court by a motion to quash or a demurrer, so that the defect, if any, may be corrected by the filing of another indictment or information. Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unravelling the whole proceedings.

3. The gist of the offence under Section 2403, of the Revised Statutes of 1892, charging an assault with intent to murder consists in the intent with which the assault is made.

4. An indictment charging that an assault was made by the accused "unlawfully, feloniously and from a premeditated design to effect the death of the" person assaulted, and that the accused "did unlawfully, feloniously and from a premeditated design to effect the death of the" person assaulted, "discharge and shoot off at, against and upon the" said person assaulted, "thereby and by thus striking the" said person assaulted * * * "with intent him * * * unlawfully, feloniously and from a premeditated

design to effect the death of the" said person assaulted, "to kill and murder," sufficiently alleges that the assault was made with intent to commit a felony.

This case was decided by Division A.

Writ of error to the Circuit Court for Osceola County.

The facts in the case are stated in the opinion of the Court.

*Bryan* & *Bryan,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General for the State.

SHACKLEFORD, C. J.   At the fall term, 1904, of the Circuit Court for Osceola County, an indictment was returned against the plaintiff in error, which, omitting the formal parts, is as follows: "The grand jurors of the State of Florida, enquiring in and for the body of the county of Osceola, upon their oaths, do present that Joseph A. Barber, late of the county of Osceola aforesaid, in the Circuit and State aforesaid, laborer, on the 26th day of June, in the Year of our Lord, one thousand, nine hundred and four, with force and arms at and in the county of Osceola aforesaid, in and upon one Thomas A. Hughey, unlawfully, feloniously and from a premeditated design to effect the death of the said Thomas A. Hughey, an assault did make, and a certain gun, the same being a deadly weapon, which was then and there loaded with gun powder and leaden balls, and, by the said Joseph A. Barber had and held in his hands, he, the said Joseph A. Barber, did, unlawfully, feloniously and from a premeditated design, to effect the death of the said Thomas A. Hughey, discharge and shoot off at, against and upon the

said Thomas A. Hughey, thereby and by thus striking the said Thomas A. Hughey, with the said leaden balls in and upon his leg, inflicting in and upon the said Thomas A. Hughey, one grievious wound, with intent him the said Thomas A. Hughey, unlawfully, feloniously and from a premeditated design to effect the death of the said Thomas A. Hughey, to kill and murder; whereby and by force of the statute in such case made and provided the said Joseph A. Barber is deemed to have committed an assault with intent to commit a felony punishable by death, to-wit: murder in the first degree; against the form of the statute in such case made and provided, to the evil example of all others in the like case offending and against the peace and dignity of the State of Florida."

A trial was had at the Fall term, 1905, which resulted in the following verdict being returned against the defendant: "We, the jury, find the defendant guilty as charged in the indictment asking the mercy of the court. J. R. Bronson, foreman."

Upon the rendition of this verdict, the defendant filed the following motion in arrest of judgment: "Now comes the defendant, Joseph A. Barber, in his proper person and by Bryan & Bryan, his attorneys, and moves the court in arrest of judgment in the above entitled cause on the following grounds, to-wit:

1. That the indictment against the defendant in the above entitled cause is insufficient in law, form and substance upon which to base a judgment.

2. That the indictment does not charge in sufficient language the offense of assault with intent to commit murder, or any other felony.

3. That the indictment does not charge an assault with intent to commit a felony.

4. That the indictment is too vague, indefinite and de-

fective in its language whereby an intent to commit a felony is sought to be charged, and does not state when or where such intent was had.

5. That the allegations in the indictment do not charge that the assault was made in pursuance of any unlawful intent, or accompanied by any unlawful intent.

6. That the verdict of the jury herein rendered is too vague, indefinite and uncertain to advise the court of what offense the defendant is thereby found guilty.

Wherefore it is prayed that the verdict herein rendered be set aside and judgment thereon arrested."

This motion was denied and the defendant was sentenced to confinement at hard labor in the State penitentiary for the term of five years.

From this judgment and sentence the defendant seeks relief by writ of error, returnable to the present term of this court. The sole error assigned is based upon the denial of the motion in arrest of judgment. The last ground of the motion, being the sixth, is expressly abandoned.

The indictment was framed under Section 2403 of the Revised Statutes of 1892, which is as follows:

"2403. WHAT ASSAULTS FELONIES.—Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punishable by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed."

The point presented to us for decision is whether or not the indictment in question sufficiently complies with the quoted section to withstand the attack made. In deciding this question, we must bear in mind our statutes of jeo-

fails, if they may be so termed, which constitute Sections 2892 and 2893 of the Revised Statutes of 1892, and are as follows:

"2892. INDICTMENT SUBSTANTIALLY CHARGING OFFENCE GOOD.—Every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute prohibiting the crime or prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offence charged may be easily understood by the jury."

"2893. INDICTMENT NOT TO BE QUASHED UNLESS IT WOULD MISLEAD ACCUSED.—No indictment shall be quashed or judgment be arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offences or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence."

Section 2893 was enacted originally in 1861, forming Sectiton 1 of Chapter 1107, and was brought forward, with some slight modifications, while Section 2892 makes its appearance for the first time in the Revised Statutes. Section 2893 has been frequently construed and referred to by this court. See Green v. State, 17 Fla. 669; Dansey v. State, 23 Fla. 316, text 324, 2 South. Rep. 692; Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858; Michael v. State, 40 Fla. 265, 23 South. Rep. 944; Eggart v. State, 40 Fla. 527, text 534, 25 South. Rep. 144; Shiver v. State. 41 Fla. 630, text 635, 27 South. Rep. 36; King v. State, 42 Fla. 260, text 266, 28 South. Rep. 206; Long v. State, 42

Fla. 509, text 516, 28 South. Rep. 775; Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Caesar v. State, 50 Fla., 39 South. Rep. 470; Johnson v. State, 51 Fla., 44, 40 South. Rep. 678. An examination of these cited cases discloses that it is the policy of this court, as it evidently was of the Legislature, to uphold indictments and informations wherever there has been a substantial compliance with law. The alleged defect in the indictment in the instant case was not called to the attention of the trial court by a motion to quash, when another indictment might have been found, but the defendant saw fit to wait until the last stage of the cause, when he filed his motion in arrest of judgment, the granting of which would have been "to unravel the whole proceedings." This was not favored at common law. 3 Blackstone's Com. 394; 2 Ency. of Pl. & Pr., 796. This court has also expressed its disapproval of such a course. See Johnson v. State, *supra,* and authorities therein cited. Indeed, by reason of our statutes, which have been set forth in full above, we could not do otherwise. Does the indictment charge "the crime substantially in the language of the statute?" Can we say that "the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence," and this was so plainly made to appear that the trial court should have been of that opinion? There is no bill of exceptions, consequently the evidence is not before us, and only the question of the sufficiency of the indictment is presented. Every presumption is in favor of the correctness of the verdict and judgment rendered and entered in the court below. Clements v. State, 51 Fla.

6, 40 South. Rep. 432. Especially is this true where a matter of judicial discretion is involved. As has been repeatedly decided by this court, "the gist of the offence, under this statute (Section 2403 of the Revised Statutes of 1892), consists in the intent with which the assault is made." See Williams v. State, 41 Fla. 295, 26 South. Rep. 184; Gray and Hopkins v. State, 44 Fla. 436, 33 South. Rep. 295; Brinkley v. State, 44 Fla. 416, 33 South. Rep. 296; Anderson v. State, 44 Fla. 413, 33 South. Rep. 294; Knight v. State, 44 Fla. 94, 32 South. Rep. 110; Drummer v. State, 45 Fla. 17, 33 South. Rep. 1008; McDonald v. State, 46 Fla. 149, 35 South. Rep. 72; Pyke v. State, 47 Fla. 93, 36 South. Rep. 577. Also see Pitman v. State, 25 Fla. 648, 6 South. Rep. 437; Roberts v. State, 26 Fla. 360, 7 South. Rep. 861.

The allegations in this indictment that the assault was made by the accused "unlawfully, feloniously and from a premeditated design to effect the death of the" person assaulted, and that the accused "did unlawfully, feloniously and from a premeditated design to effect the death of the" person assaulted, "discharge and shoot off at, against and upon the said" person assaulted "thereby and by thus striking the said" person assaulted * * * with intent him * * * unlawfully, feloniously and from a premeditated design to effect the death of the said" person assaulted, "to kill and murder," are sufficient allegations that the assault was made with intent to commit a felony, and that the intent existed at the time of the assault, thereby distinguishing this case from Hogan v. State, 42 Fla. 562, 28 South. Rep. 763; Ruis v. State, 43 Fla. 186, 30 South. Rep. 802. See Anderson v. State, *supra*; Brinkley v. State, *supra*; Gray v. State, *supra*. See as to the effect of the words "thereby

and by thus striking," Daniels v. State, 52 Fla., 18, 41 South. Rep. 609. The words "unlawfully, feloniously and from a premeditated design to effect the death" as used in the indictment sufficiently allege an intent and they are descriptive of a felony. While the indictment in question is not "very artistically drawn," (Pittman y. State, *supra,* text 653) and "could have been greatly improved in its allegations," (King v. State, 42 Fla. 260, text 264, 28 South. Rep. 206) we do not think it infected with the vice pointed out in Hogan v. State, *supra,* and Ruis v. State, *supra,* as contended by plaintiff in error. We are of the opinion that no error was committed in overruling the motion in arrest of judgment, therefore, the judgment must be affirmed, and it is so ordered, at the cost of the plaintiff in error.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.