PLEAS LINDSEY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Where a special instruction requested by the defendant to be given by the court as evidenced by the bill of exceptions in the transcript of the record differs materially from the instruction as it appears in the assignments of error, an appellate court must take the instruction as it appears in the bill of exceptions, and not as it is written in the assignments of error.

2.  It is the settled practice in this state that if a party wishes to avail himself of the omission of the court to charge the jury on any point in the case, or on all the grades of homicide to which the evidence is reasonably applicable, he must ask the court, at the time, to give the instruction desired, by writing out the instruction desired and presenting same to the judge, otherwise he will not be permitted to assign the omission to so charge as error.

3.  If a minor offense is not necessarily included within the

Lindsey v. The State of Florida—Syllabus.

terms of the greater offense as set forth in the indictment or information, the defendant can not be convicted of such minor offense, and it is not error for the trial court to refuse to give in charge to the jury the law applicable to the minor offense.

4. The gist of the offense of the crime of assault with intent to murder in the first degree consists in the intent with which the alleged assault is made.

5. It is not necessary to the crime of assault with intent to murder under section 2403, Revised Statutes of 1892, and section 3230, General Statutes of 1906, that the assault be made with a deadly weapon, neither is it necessary that the indictment charge the commission of the assault to have been made with a deadly weapon.

6. The gist of the offense of an aggravated assault, under section 2402 Revised Statutes of 1892, and section 3228 General Statutes of 1906, consists in the character of the weapon with which the assault is made.

7. In a prosecution for aggravated assault, an assault with a deadly weapon must be alleged and proved, but the intent with which the assault was made, whether to wound or to injure or whether the assault was made with any particular intent is immaterial, *unless* the intent should amount to an intent to kill or a premeditated design to effect death, in which case the assaulting party would be guilty of an assault with intent to commit manslaughter, or murder.

8. Whoever assaults another with a deadly weapon, not having a premeditated design to effect death and not having any intent to take life, is guilty of aggravated assault.

9. Under an indictment or information for an assault with intent to commit murder in the first degree, which does not charge that the assault was made with a deadly

weapon, the defendant cannot be convicted of an aggravated assault.

10. The court charged the jury in part as follows: "A jury would not be justified in acquitting a defendant on account of the consequences to him or his family alone. They have nothing to do with questions of that kind. It is no defense that the consequences would be great to a defendant or his family, neither would it be a defense that the party assaulted was not the proper kind of a man,—that is to say, that he himself may have been a violator of the law—the law does not recognize defenses of that kind in cases of that character. You are to be governed by the evidence in the case, and your verdict is to be founded on the evidence." Held: This instruction is not erroneous for the reason that it showed the jury that the court was of the opinion that the defendant should be convicted. Neither was the instruction erroneous because it tended to cause the jury to disregard the presumption of innocence of the defendant, especially where the court charged the jury fully upon the presumption of innocence.

11. It is not objectionable for the court to call the attention of the jury to the fact that they are to try the case by the evidence given to them, and not by their sympathies, or by the consequences to the defendant or his family. The words of a charge: "Neither would it be a defense that the party assaulted was not the proper kind of a man—that is to say, that he himself may have been a violator of the law," did not mislead or confuse the jury as to the law of self-defense, especially where the court charged the jury fully upon the law of self-defense.

12. Where there was evidence legally sufficient to support the verdict, the appellate court will not reverse a ruling of the trial court refusing a new trial on the ground of insufficient evidence, even though there be conflict in the evidence, unless the preponderance is such that the

jury must have been improperly influenced to render the verdict.

This case was decided by Division B.

Writ of error to the Circuit Court for Santa Rosa county.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son* and *T. F. West,* for Plaintiff in Error;

*W. H. Ellis,* Attorney-General, for the State.

PARKHILL, J.: The plaintiff in error, hereinafter referred to as the defendant, was indicted at the Fall term, 1906, of the circuit court in and for Santa Rosa county, for an assault with intent to commit murder in the first degree. On the 26th day of September, 1906, he was tried and convicted of an assault with intent to commit manslaughter. He was sentenced to the State prison for five years, and seeks a reversal of this judgment by writ of error.

There are four assignments of error. The first and second errors assigned have been argued and will be considered together.   They are:

"The court erred in refusing to give special instruction No. 1, requested by the attorney for the defendant in the court below, which was as follows: If you should find from the evidence that the defendant unlawfully assaulted Dove Lindsey with a deadly weapon, but that in so doing

he had no premeditated design to effect death nor intent to kill, you would find defendant guilty of an aggravated assault.

2. The court erred in not charging the jury the law as to aggravated assaults."

We cannot discover from the transcript of the record that the defendant ever requested the court to give the instruction as set out in the first assignment of error, and, therefore, we cannot consider it. Special instruction No. 1, requested by the defendant in the court below, as it is evidenced to us by the bill of exceptions in the transcript of the record before us, reads as follows: "If you should find from the evidence that the defendant unlawfully assaulted Dove Lindsey with a deadly weapon, but that in so doing he had no premeditated design to effect death nor intent to kill, you would find the defendant *not* guilty of an aggravated assault."

The refusal of the court to give the last quoted charge is not assigned as error, or no assignment based thereon is argued, and, therefore, we cannot consider whether the court erred in refusing to give this charge. Indeed, counsel for plaintiff in error do not contend here that the charge as set forth in the bill of exceptions ought to have been given by the court. They have proceeded in argument as if the special instruction No. 1 requested by the defendant reads just as it appears in the first assignment, and that in that shape it should have been given. But we must take the charge as it is duly evidenced to us in the bill of exceptions, and not as we find it written in the assignment of errors. The two charges, one in the bill of exceptions and the other in the first assignment of errors, are materially different. The difference between the two charges is not patently a clerical error. We cannot say that the appearance of the word "not" in the last line of the charge

as it appears in the bill of exceptions is a misprision of the clerk of the court in the preparation of the transcript of the record. Therefore we must take the special instruction No. 1 as it appears in the bill of exceptions as being the instruction requested by the defendant in the court below.

Under the second assignment of error, the plaintiff in error tries to present the same question sought to have been raised by the first assignment of error, namely: that the court ought to have given a charge on the law as applied to an aggravated assault like the instruction set forth in the first assignment of errors; and the suggestion is made that such a "charge ought to have been given by the court *sua sponte.*" It is the settled practice in this State, however, that if a party wishes to avail himself of the omission of the court to charge the jury on any point in the case, or on all the grades of homicide to which the evidence is reasonably applicable, he must ask the court, at the time, to give the instruction desired, *by writing out* the instruction desired and presenting same to the judge, otherwise he will not be permitted to assign the omission to so charge as error. Irvin v. State, 19 Fla. 872; Lovett v. State, 30 Fla. 142, 11 South. Rep. 550; Blount v. State, 30 Fla. 287, 11 South. Rep. 547. The defendant having written out the instruction he desired to have the court give on the grade of the offense of an aggravated assault, he can not now assign as error the failure of the court to give some other instruction which the defendant did not ask the court to give, but which he thinks *now* the court ought to have given.

The trial court, however, seems not to have noticed the presence of the word "not" in the charge. The court denied the special instruction No. 1 "because the offense of ag-

gravated assault was not charged in the indictment, no deadly weapon being charged," thereby seeming to have regarded the instruction as counsel have, as it is written in the first assignment of errors. For this reason we will so consider it and dispose of it here, especially as the question comes up again in the third assignment. Our conclusion is that the court did not err in denying special instruction No. 1, as it is written in the first assignment, and ought not to have given any charge to the jury on the law of aggravated assault, except to have told the jury that the defendant could not be convicted of an aggravated assault, for the reason given by the court, that the offense of aggravated assault is not included in the terms of the charge as set forth in the indictment. The indictment charged that the defendant Pleas Lindsey "did then and there unlawfully and from a premeditated design and intent to effect the death of one Dove Lindsey make an assault upon the said Dove Lindsey *with a certain open knife,* he the said Pleas Lindsey then and there had and held in his hands," &c.

As stated in Clark's Criminal Procedure, section 122, p. 351, "It is a general rule at common law 'where the accusation in the indictment includes an offense of inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the less atrocious.' This rule has been expressly declared by statute in many of our States."

Section 2921 Revised Statutes of 1892, which is now Section 3991 of the General Statutes of 1906, is as follows: "Whenever any person indicted for a felony shall on trial be acquitted by a verdict of part of the crime charged, and convicted on the residue thereof, such verdict may be received and recorded by the court; and thereupon any person charged shall be adjudged guilty of the crime, if any, which shall appear to the court to be substantially

charged by the residue of such indictment or information, and shall be sentenced and punished accordingly."

Section 1, Chapter 4392, acts of 1895, which is now section 4007 of General Statutes of 1906, reads as follows: "In all criminal prosecutions hereafter begun in this State, if the defendant be found guilty of an offense lesser in degree, but included within the offense charged in the indictment or information, such verdict shall not be set aside by the court, upon the ground that such verdict is contrary to the evidence, if the evidence produced in such case would have supported a finding, or if such court would have sustained a verdict of guilty of the greater offense."

Clark in his Criminal Procedure, page 356, says: "In all cases the minor offense must be necessarily included in the charge. The indictment must, on its face, show every essential element of it, otherwise the defendant would be convicted of an offense without having been accused of it. No one can be convicted of an offense which is not charged in the information, where the elements of the offense are not embraced in some greater offense charged." See, also, Winburn v. State, 28 Fla. 339, 9 South. Rep. 694; Williams v. State, 41 Fla. 295, 26 South. Rep. 184; Bryan v. State, 45 Fla. 8, 34 South. Rep. 243; Pyke v. State, 47 Fla. 93, 36 South. Rep. 577.

The greatest offense charged against the defendant in the instant case is assault with intent to murder in the first degree. The gist of this offense consists in the intent with which the assault is made. Williams v. State, 41 Fla. 295, text 297, 26 South. Rep. 184; Gray v. State, 44 Fla. 436, 33 South. Rep. 295; Drummer v. State, 45 Fla. 17, 33 South. Rep. 1008; McDonald v. State, 46 Fla. 149, 35 South. Rep. 72. It is not necessary to this crime, under

section 2403 Revised Statutes of 1892, now section 3230, General Statutes of 1906, that the assault be made with a deadly weapon, neither is it necessary that the indictment charge the commission of the assault with a deadly weapon. Gray v. State, *supra;* Drummer v. State, *supra;* McDonald v. State, *supra;* Pyke v. State, *supra.*

The gist of the offense of an aggravated assault, under Section 2402, Revised Statutes of 1892, now section 3228 General Statutes of 1906, consists in the character of the weapon with which the assault is made; and, in a prosecution for this offense an assault with a deadly weapon must be alleged and proved, but the intent with which the assault was made, whether to wound or to injure or whether the assault was made with any particular intent is immaterial, *unless* the intent should amount to an intent to kill or a premeditated design to effect death, in which case the assaulting party would be guilty of an assault with intent to commit manslaughter, or murder. Williams v. State, *supra.* In other words, whoever assaults another with a deadly weapon, not having a premeditated design to effect his death and not having any intent or design to take life, is guilty of an aggravated assault. Where the assault is made with a deadly weapon and from a premeditated design to effect the death of the party assaulted the crime is assault with intent to commit murder in the first degree. If such assault is made with an intent to take life, but such intent does not amount to a premeditated intent or design, the crime may be assault with intent to commit murder in the second degree or manslaughter, according to the facts of the case.

Examining the indictment in the case before us, we find that it does not charge that the assault was made with a deadly weapon, and therefore the essential ingredient to a charge of aggravated assault, a deadly weapon,

is entirely lacking and was not included in the greater offense charged, and the jury was not authorized to find the defendant guilty of an aggravated assault. As was said by the Supreme Court of California, in the case of People v. Arnett, 126 Cal. 680, 59 Pac. Rep. 204: "It is well settled that, under an indictment or information for an assault with intent to commit murder which does not charge that the assault was made with a deadly weapon, the defendant cannot be convicted of an assault with a deadly weapon. The fact that the defendant in the case at bar asked for the erroneous instruction under which the jury no doubt found their verdict, makes no difference, for the court had no jurisdiction to try him for any other offense than such as is charged in the indictment, or included within it." The court, therefore, did not err in failing or refusing to give the instructions as it is written in the first assignment of error, neither did the court err in failing to give any instruction on the law as applied to aggravated assault. Of course, an indictment for assault with intent to murder, which is framed so as to include in its allegations the elements of aggravated assault, will support a verdict for aggravated assault. Pittman v. State, 25 Fla. 648, 6 South. Rep. 437; Winburn v. State, *supra*. It should be stated here that the court instructed the jury fully upon the law as applied to assault with intent to murder in the first and second degrees, assault with intent to commit manslaughter, assault and battery and a simple assault.

11. The third assignment of error is based upon the following charge of the court: "A jury would not be justified in acquitting a defendant on account of the consequences to him or his family alone. They have nothing to do with

questions of that kind. It is no defense that the conse-quences would be great to a defendant or his family, neither would it be a defense that the party assaulted was not the proper kind of a man,—that is to say, that he him-self may have been a violator of the law—the law does not recognize defenses of that kind in cases of that character. You are to be governed by the evidence in the case, and your verdict is to be founded on the evidence. If the evi-dence convinces you beyond a reasonable doubt that the defendant is guilty of some one of the offenses charged in this indictment under the law as you have received it from the court, then it is your duty to find him guilty regard-less of the consequences to him or his family; but if on the other hand the State has not proved that he is guilty of one of the offenses included in the indictment, it is the duty of the jury to find him not guilty."

We do not think this instruction is erroneous for the reason charged here that it showed the jury that the "court was of the opinion that this defendant should be convicted," or that the instruction "tended to cause the jury to disregard the presumption of the innocence of the defendant." The court charged the jury fully and fairly upon the presumption of innocence. It is not objectionable for the court to call the attention of the jury to the fact that they are to try the case by the evidence given to them, and not by their sympathies, or by the consequences to the defendant or his family, Adams v. State, 28 Fla. 511, text 554, 10 South. Rep. 106. Again, objection is made to the part of this charge wherein it is stated: "Neither would it be a defense that the party assaulted was not the proper kind of a man—that is to say that he himself may have been a violator of the law." It is urged here that by the use of the words "that he himself may have been a

violator of the law" the court told the jury that if Pleas Lindsey (the defendant) assaulted Dove Lindsey it would be no defense if Dove Lindsey was assaulting the defendant, thereby being a violator of the law. We do not think these words referred to any assault that may have been made by Dove Lindsey when the alleged offense was committed. They let the jury know clearly that the defendant would not be justified in assaulting Dove Lindsey, even though Dove Lindsey, the party assaulted, *may have been*, not was then, a violator of the law. These words did not confuse the jury as to the law of self defense, for the court after charging the jury fully, fairly and clearly upon the law of self defense, told the jury, "if you believe from the evidence that the defendant acted in self defense in making such assault (if he did make an assault) ·or if you entertain a reasonable doubt whether he acted in lawful self defense, you should find him not guilty." It is further contended that "this charge discarded the offense of an aggravated assault, telling them (the jury) that if the evidence satisfied them that he (defendant) was guilty of any one of the offenses charged in the indictment, as had already been explained to them, the court having already discarded the offense of aggravated assault in giving his charge." We have already disposed of this objection in our discussion of the first and second assignments of error.

III. The fourth assignment of error is the overruling of defendant's motion for a new trial, and the only grounds of the motion not heretofore considered is that the verdict of the jury is contrary to the evidence, unsupported by the evidence, contrary to law and the charge of the court. These grounds involve a discussion of the evidence and its sufficiency to support the verdict. We have very carefully read and considered the evidence in this case. The parties

exchanged words of reproach, and we think the evidence shows that Dove Lindsey struck the first blow with his fist. There was some evidence, though it is not clear, that during the struggle the defendant cut Dove Lindsey with a knife. At any rate the evidence is clear, the defendant admits, that he drew his knife during the struggle. Dove Lindsey caught defendant's hand which held the knife, and at an opportune moment broke away from the defendant and ran across the street, and up the sidewalk, for a distance of some sixty or seventy yards. The defendant, with an open knife in his hand, followed Dove Lindsey. The defendant testified that he could always outrun his brother. and after chasing him, caught him. Dove Lindsey turned and fired at defendant with a pistol called a derringer, which could only shoot one time without being reloaded. The defendant says he saw the pistol and knocked it up. When he saw the pistol, the defendant says he knew it could only shoot once. The defendant was not shot. The defendant testified: "After it fired, I hit him twice, cut him with my knife." Defendant was asked: "You did that because you were mad?" He answered: "Yes, sir, mad with him." He was asked: "You were so mad with him then, you pitched in to cutting him?" He answered: "Yes, sir." The defendant said he ran after Dove Lindsey because he knew his brother had the pistol and his mother told him that if Dove ever drew a pistol on him, he must keep so close to Dove that he could not fire the gun. There was a great deal of testimony. We have quoted only a part of what defendant said. The jury has passed on it. The defendant had a fair trial. There was evidence legally sufficient to support the verdict. This court will not reverse a ruling of the trial court refusing a new trial on the ground of insufficient evidence, even though there be con-

flict in the evidence, unless the preponderance is such that the jury must have been improperly influenced to render the verdict. We can not say such is the preponderance of the evidence in this case.

The judgment is affirmed.

TAYLOR and HOCKER, concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.