W. J. HOWARD, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed October 18, 1919.

Where the only question presented on writ of error from this Court is the sufficiency of the evidence to support the verdict, and it appears from the record that there is sufficient legally competent evidence to support the verdict and there is nothing to indicate that the jury was influenced by considerations outside the evidence, the judgment will not be reversed.

A Writ of Error to the Circuit Court for Okaloosa County, A. G. Campbell, Judge.

Judgment affirmed.

*Walter Kehoe* and *Daniel Campbell,* for Plaintiff in Error.

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for Defendant in Error.

WEST, J.—This case presents a single question. In his brief, counsel for plaintiff in error says, "the only question involved is the sufficiency of the evidence to sustain the verdict."

The indictment was for an assault with intent to murder. The verdict found the defendant guilty of aggravated assault and he was sentenced to serve a term of twelve months at hard labor in the county jail.

From the evidence it appears that the defendant and John Lott, in whose buggy the two were riding, went to the home of Tanner, the person upon whom the al-

leged assault was made. The defendant was under the influence of liquor and Lott and Tanner proposed to take him home and put him to bed. Undertaking to do so, the buggy in which he was seated was driven to his home, a distance of some 300 yards. Upon reaching his home the defendant, according to the State's evidence, "seemed as though he got mad," declared he was "getting raw," that he was "going to get rough," and, drawing a revolver from his pocket, asserted that he was "going to shoot," and proceeded to do so. Thereupon Lott and Tanner immediately, and very naturally it would seem, abandoned their purpose to put the defendant to bed. Tanner, suspecting that his presence was not desired, left the home of the defendant, walking "pretty peart," so he said, and when he had gone "about 30 steps" he heard a report of defendant's pistol and heard the ball that was discharged from it pass over his head. He indicated in his evidence the distance but did not state how far the ball was from his head as it passed over him. The shooting occurred when it was "about dark." Neither of the State witnesses saw the direction in which the defendant pointed his pistol as he fired, but one witness testified that defendant told him the next day that he shot at Tanner. The time and venue were proved. This in substance was the evidence in behalf of the State.

There was no proof of any ill feeling between the defendant and Tanner, and it appears that they were apparently on friendly terms. But on the night of the commission of the alleged offense the defendant later went to the home of Tanner, who had left home, and cursed and fired his pistol several times while there.

The defendant admitted firing his pistol, but explained that he did so for the purpose of frightening Tanner as he

was leaving. He admitted also that he fired his pistol again later after going over to Tanner's home, but explained that he did so for the purpose of waking his (defendant's) son who was there asleep.

As we view this evidence there is proof of every essential element of an aggravated assault, the offense for which the defendant was convicted. Lindsey v. State, 53 Fla. 56, 43 So. 87; Peterson v. State, 41 Fla. 285; 26 So. 709. This being true, there is ample basis in the evidence for the verdict. The judgment must, therefore, be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.