BESSIE ORMOND, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 24, 1920.

An indictment for the offense of assault with intent to commit murder, which alleges that the assault was made "unlawfully and from a premeditated design to affect the death" of the person assaulted, sufficiently alleges the statutory "intent" to commit the felony of murder.

A Writ of Error to the Criminal Court of Record for Dade County; J. Emmet Wolfe, Judge.

Affirmed.

*R. B. Schallern,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—Plaintiff in error was informed against upon a charge of assault with the intent to commit the offense of murder in the first degree. There was a motion to quash the information upon the grounds that it (1) charged no offense; (2) was vague and indefinite; (3) was argumentative and stated conclusions of law; and (4) did

not sufficiently inform plaintiff in error of the charge intended to be made against her so that she could properly prepare her defense. This motion was overruled. Upon a trial of the case a verdict of guilty as charged was returned by the jury and sentence was imposed by the court. Thereupon a motion in arrest of judgment was made. The grounds of this motion are that the information (1) charges no offense; and (2) does not allege facts sufficient to constitute the offense attempted to be charged. This motion was also overruled and writ of error was taken. There were other proceedings, but the assignments of error challenge only the two rulings mentioned.

The only question presented is whether the information contains allegations sufficient to charge the offense of assault with intent to commit murder in the first degree under the statute, and the specific contention as stated in the brief is that "the intent is the gist of the offense and the information fails to charge the intent with certainty." So much of the information as is necessary to be set out for a proper consideration of this question is as follows: "that Bessie Ormond, laborer, late of the County of Dade, and State of Florida, on the 13th day of April, in the year of our Lord one thousand nine hundred and twenty, in the County and State aforesaid, unlawfully and from a premeditated design to effect the death of one Eliza Bragg, with a certain deadly weapon, to-wit, an open razor, which she, the said Bessie Ormond then and there had and held, in and upon the said Eliza Bragg, an assault did make, and did then and there cut, stab and wound the said Eliza Bragg, unlawfully feloniously and from a premediated design to effect the death of her the said Eliza Bragg, whereby and by force of the statute," etc.

This court has held that an indictment for the offense of assault with intent to commit murder which alleges that the assault was made "unlawfully and from a premeditated design to effect the death" of the person assaulted, sufficiently alleges the statutory "intent" to commit the felony of murder. Johnson v. State, 53 Fla. 45, 43 South. Rep. 779; Barebr v. State, 52 Fla. 5, 42 South. Rep. 86. Under this rule the indictment in this case is not amenable to the objection urged against it, and the judgment must therefore be affirmed.

Affirmed.

Browne, C. J., and Taylor, Whitfield and Ellis, J. J., concur.